## DOBBINS v. LUSCH, CARTON & Co. ET AL.

1. **Judicial Sale:** RIGHT OF REDEMPTION: APPEAL. The right of a defendant to redeem from a judicial sale is forfeited by an appeal from the judgment under which it is made, although execution is not stayed by the filing of a *supersedeas* bond.

2. ———: DEMAND OF POSSESSION: GROWING CROPS. Upon the passage of the title to lands by a sale under execution, the judgment defendant in possession becomes the tenant at will of the purchaser, and such tenancy is only terminated by a legal demand of possession. Where property was sold without redemption in November, but no demand of possession was made until the following June, it was held that the purchaser was not entitled to the crop planted by the former owner.

### *Appeal from Butler Circuit Court*

THURSDAY, APRIL 8.

THIS is an action for the recovery of the value of a crop of flax, raised by the defendant Francis Parker, upon land mortgaged by him to the plaintiff, after the foreclosure of the mortgage, and the sale of the mortgaged premises to the plaintiff at judicial sale, the defendant Parker continuing in possession of the premises. The cause was tried to the court, and judgment was rendered for the defendants.

The plaintiff appeals.

*J. H. Scales*, for appellant.

*Boies & Couch*, for Lusch, Carton & Co. *William V. Allen*, for Francis Parker, appellees.

DAY, J.—I. The court submitted findings of fact, and conclusions of law, upon which its judgment is based. The appellant has printed in the abstract a finding of fact, which, it is conceded, is not now a part of the record of the court below. The appellee has filed an amended abstract, stating that this finding constitutes no part of the record. The appellant files a motion for leave to amend the record by inserting this finding, which, it is alleged, has been lost, and supports the motion by affidavit.

This motion must be overruled. The record upon which the case is to be tried must be made up in the court below. We cannot determine here, upon affidavit, what shall constitute the record of the cause.

II. The court submitted findings of facts, and conclusions of law, as follows:

"In the year 1873 plaintiff sold and conveyed to defendant Francis Parker, by warranty deed, the E. $\frac{1}{2}$, S. W. $\frac{1}{4}$ section 16, township 90, range 18, west, and defendant Parker, in order to secure part of the purchase money, executed and delivered to plaintiff his note, secured by mortgage upon the land, and, about that time, took possession of the real estate.

"In August, 1876, plaintiff commenced an action in the District Court of Butler county, against this defendant, to foreclose the mortgage aforesaid, and, at the September term, 1876, of the District Court, obtained a decree of foreclosure in the case.

"Shortly after the rendition of this judgment and decree of foreclosure, and during the month of September, the defendant appealed the case to the Supreme Court, but filed no supersedeas bond.

"In October, 1876, plaintiff caused a special execution to

issue on the decree of forclosure for the sale of the mortgaged premises, and, in the month of November, 1876, the mortgaged premises were sold by the sheriff on the special execution, and struck off to plaintiff as the highest and best bidder, and thereupon the plaintiff demanded a sheriff's deed for the premises, but the sheriff refused to make the deed, but made a sheriff's certificate of sale, and offered it to plaintiff, and plaintiff refused to accept the same.

"About the first day of April, 1877, the defendant Francis Parker commenced sowing a crop of flax on the premises in question, and on the 5th day of April, and before the crop was all put in, he executed and delivered to his brother, Patrick Parker, his note of that date for $500, due on or before Dec. 1, 1877, and also, in order to secure the note, a chattel mortgage on 'all the wheat and flax to be planted, sowed, raised and grown' on said premises, and this chattel mortgage was filed for record in the recorder's office on the 12th day of April, 1877, and recorded.

"About the time of the planting of the flax, the defendant Parker and plaintiff's attorney had a discussion or controversy, in which the attorney claimed that the sheriff's sale was absolute, and that plaintiff had the right of possession to the premises, and the defendant claimed he had a right to one year's redemption, and the right of possession to the premises.

"Sometime in June, or the early part of July, 1877, Patrick Parker indorsed and transferred the $500 note against Francis Parker to defendants Lusch, Carton & Co., as collateral security for a loan of money, and became liable to them on the note as indorser.

"On the 27th day of June, 1877, plaintiff gave to defendant Francis Parker written notice to quit and surrender the premises.

"And on the 25th day of June, 1877, the judgment and decree of the District Court was affirmed by the Supreme Court.

" On the 12th day of July, 1877, Francis Parker, at the request, and through the procurement, of Patrick Parker, executed and delivered to defendants Lusch, Carton & Co. another chattel mortgage on the crop of flax, to secure the $500 note now held by them, to cure a supposed defect in the former mortgage.

" About August 1st, 1877, Patrick Parker cut the flax and stacked it on land adjoining the eighty acres on which it was raised.

" On the 18th day of August, 1877, plaintiff Dobbins filed his petition in the Circuit Court of Butler county, against the sheriff of Butler county *et al.*, to compel the sheriff to make a deed to plaintiff for the eighty acres, in conformity to the sheriff's sale made in November, 1876, and on the same day obtained an injunction against Francis Parker to restrain him from moving or disposing of any of the flax, and this injunction was duly served on defendants.

" Patrick Parker, about September, 1877, threshed the flax, and delivered about 700 bushels of it to defendants Lusch, Carton & Co., in payment of the $500 note, and the parties admit, for the purpose of the trial, that the flax so delivered was of the value of $500.

" In November, 1877, at the expiration of one year after the sheriff's sale, the sheriff made a sheriff's deed to plaintiff for the eighty acres, in pursuance of the sheriff's sale, no redemption having been made.

" And that pending the appeal, the precise time not established, defendant Carton had a conversation with plaintiff's attorney in reference to the appeal, at which time the attorney gave defendant Carton a copy of his argument in the case before the Supreme Court.

" As a conclusion of law, it is found that the appeal of the case to the Supreme Court, without filing a supersedeas bond, did not cut off the statutory right of the defendant Francis

Parker to redeem the land from sheriff's sale within one year from the date of sheriff's sale, and that hence he had the right of possession of the premises until November, 1877.

"If it should be conceded that defendant had no right to redeem, it would not entitle the plaintiff to recover in this action.

"The defendant had been, and was, in the occupancy of the land as owner, at the time of the sheriff's sale, and although plaintiff may have claimed the ownership and right of possession to the premises, he did not give defendant legal notice to quit, nor take any other steps to oust defendant from the land, until June, 1877, after defendant Parker had planted the crop on the premises. Hence, Parker would have to be regarded as the tenant of the plaintiff, and if so, the flax would be the property of Parker and his assignees, and not of the plaintiff. The plaintiff could recover of Parker for the use and occupancy of the land, but could not hold defendant for the crops raised."

*a.* In the first conclusion of law the court erred. Section 3102 of the Code is as follows: "The defendant may redeem

1. JUDICIAL sale: right of redemption: appeal.

real property at any time within one year from the day of sale, as herein provided, and will, in the meantime, be entitled to the possession of the property. But in no action where the defendant has taken an appeal from the Circuit or District Court, or stayed execution on the judgment, shall he be entitled to redeem."

The provisions of this section are so plain that there is no room for construction. The right of redemption is denied by express provision in every case where the defendant has appealed. Courts cannot, by construction, limit the application of the section to cases wherein the defendant has both appealed and stayed further proceedings, by filing a supersedeas. It might have been wise if the legislature had denied the right of redemption only in such cases, but it has not done so.

*b.* The second conclusion of law is correct. The appeal

was taken, as appears from the finding of facts, in the month of September, 1876. In November, 1876, whilst this appeal was pending, the premises were sold to the plaintiff, the judgment creditor. The plaintiff demanded a sheriff's deed, but did not attempt to obtain possession of the property. The plaintiff did not give the defendant notice to surrender the premises until the 27th day of June, 1877, after the cause had been affirmed in the Supreme Court. If the plaintiff had taken possession of the premises, and the cause had been reversed in the Supreme Court, he would have been liable to make restitution of the premises, and account for the possession.

*2. ——: demand of possession : growing crops.*

The plaintiff elected to leave the property in its original possession during the appeal. By this election, the defendant Francis Parker became not a mere trespasser or tenant at sufferance, but a tenant at will. Any person in the possession of real estate, with the assent of the owner, is presumed to be a tenant at will, until the contrary is shown. Code, § 2014. This tenancy at will continued, at least, until notice to surrender the premises was served. In the mean time the flax was sown. An estate at will cannot be determined after the tenant has sown, and before he has reaped, so as to prevent the necessary egress and ingress to take the emblements. 4 Kent's Com., *111. "It is a broad and almost universal principle, that the tenant who sows a crop shall reap it, if the time of his tenancy be uncertain." *Reilly v. Ringland,* 39 Iowa, 106, and authorities cited. We are clearly of opinion that the plaintiff cannot recover the value of the flax. Perhaps he may, in the proper action, recover for the use and occupancy of the land. This question is not before us, and it is not proper that we should express an opinion respecting it. The judgment is

                                        AFFIRMED.