## BROWN v. MARKLEY ET AL.

1. **Execution**: STAY OF: JUSTICE'S COURT: REDEMPTION. The provisions of section 3102, Code, are general, and must be regarded as being applicable to stays of execution taken in justice's courts, the same as in courts of record; and where a party stays a judgment in the justice's court, and a transcript is thereafter filed in the Circuit Court, and execution is issued and sale had, such sale would be absolute and divest him of all interest in the property sold, without the right of redemption. SEEVERS, CH. J., *dissenting*.

2. ———: SALE: REDEMPTION: LIEN HOLDER. In such case a creditor, whose claim was not put in judgment until after the sale, at which time defendant's rights to the property were divested, and when no interest was left upon which the judgment could attach as a lien, would not be entitled to redeem.

*Appeal from Taylor District Court.*

TUESDAY, JUNE 13.

THE plaintiff filed a petition alleging, in substance, that on and prior to April 1, 1878, the defendant, A. J. Markley, was the owner of certain lands in the petition described; that on

VOL. LVIII—44

said ·day the defendant, G. L. Finn, recovered a judgment against the defendant, A. J. Markley, before a justice of the peace for the sum of seventy-three and fifty-four one hundredth dollars; that execution was stayed by said Markley, with the consent of G. L. Finn, for the period of one year from the date of the judgment; that after the stay in said justice's court had expired G. L. Finn filed a transcript of said judgment in the Circuit Court of Taylor county, and, on April 25, 1879, caused an execution to issue from said court, which was levied upon the land in the petition described, and the same was sold on said execution to G. L. Finn on July 3, 1879, and a sheriff's deed was issued at once therefor, conveying said land to G. L. Finn, for the reason that the said judgment had been stayed in justice's court, and that by reason of said stay, said A. J. Markley was not entitled to redeem; that on December 2, 1879, G. L. Finn mortgaged said land to his co-defendant, Kate D. Finn, and on Jan. 14, 1880, G. L. Finn deeded said land to J. W. Cooper, who, on June 25, 1880, deeded said land to L. Franklin; that in 1877, said A. J. Markley became indebted to the plaintiff, J. L. Brown, and on September 1, 1879, said plaintiff obtained a judgment against said Markley before a justice of the peace, and on September 27, 1879, caused a transcript thereof to be filed in the office of the clerk of the Circuit Court of Taylor county, which judgment is still unpaid; that on January 2, 1880, A. J. Markley attempted to redeem said land from said sale to G. L. Finn, and deposited with the clerk of said Circuit Court a sum of money sufficient to do so, but that such redemption was without authority of law and void; that on April 2, and again on April 5, 1880, J. L. Brown, plaintiff, as a junior creditor and lien holder of A. J. Markley, paid into the hands of the clerk of the Circuit Court a sum of money sufficient to redeem said land from said sale to G. L. Finn, accompanied by affidavit and entry in the sale book as by law required; that no other or further redemption was made by any person; that all . sales and mortgages of said land by G. L.

Finn were made while the right of J. L. Brown to re-deem was of record in this court, and his judgment against Markley was properly indexed; that on July 9, 1879, plaint-iff tendered to G. E. DeLong, sheriff of Taylor county, one dollar, and demanded that he execute to · plaintiff a sheriff's deed for said land which he refused to do.

The plaintiff prays that the sheriff be ordered to execute to him a deed for said lands; that the sheriff's deed to Finn and all conveyances thereunder be canceled and held for naught, and that plaintiff's title to the land be quieted. The defendant, Markley, demurred to this petition for himself only. The other defendants together demurred to the petition. The court sus-tained the demurrer of the defendant Markley, and overruled that of the other •defendants. The plaintiff, and all of the de-fendants, except Markley, appeal.

*Whiffin & Brown*, for plaintiff.

*G. L. Finn* and *L. Evans*, for the other appellants.

*J. H. Jolly*, for the appellee, Markley.

DAY, J.—I.   It appears from the allegations of the petition that the defendent, Markley, stayed the Finn judgment in the justice's court, before the transcript was filed in the office of the clerk of the Circuit Court. The defendants, other than Markley, insist that the de-fendant Markley, by staying execution upon the judgment in the justice's court, waived the right to redeem from the sher-iff's sale. The defendants for this position rely upon Section 3102 of the Code, which is as follows: "The defendant may redeem real property at any time within one year from the day of sale as herein provided, and will, in the meantime, be entitled to the possession of the property. But in no action where the defendant has taken an appeal from the Circuit or District Court, or stayed execution on the judgment, shall he be entitled to redeem."

1. EXECU-TION : stay of : justice's court : re-demption.

In determining the demurrers, the court based its decision upon the ground that this section, in so far as it denies redemption when a stay of execution has been taken, has no application to a judgment which has been stayed only in a justice's court. The effect of this holding is, to allow Markley to redeem, to defeat the title of the defendants acquired under the sheriff's sale, and to deny to the plaintiff the right to redeem. The question involved in this decision of the court is by no means free from difficulty. We are of opinion, however, that the court erred in the construction which it placed upon the statute. The purpose of the statute evidently is to prevent a party who has delayed the enforcement of a judgment by taking a stay, from further delaying it by exercising the right of redemption from the sheriff's sale.

The provisions regarding stay of execution are general, the same periods being applicable to justice's courts and to courts of record. See Code, § 3061. The enforcement of a judgment can be delayed just as long by taking a stay in the court of a justice of the peace, as in the District or Circuit Court. Section 3102 of the Code is also general in its provisions. It declares that "In no action where the defendant has  *  *  * *  *  * stayed execution on the judgment, shall he be entitled to redeem. We know of no authority for limiting the application of this section to judgments recovered in courts of record. Immediately upon the rendition of a judgment in a justice's court the defendant may stay execution. The plaintiff is not required to wait until the stay expires before he files a transcript of the judgment in the office of the clerk of the court. Suppose he files such transcript as soon as the stay is taken, what becomes of the stay? The filing of a transcript cannot defeat the stay. Upon the contrary it remains in force and during its continuance prevents the enforcement of the judgment notwithstanding the filing of the transcript. Can we say then that because the stay was taken in the justice's court section 3102 does not apply in so far as it denies redemption, and that the defendant shall be allowed to redeem notwith-

standing the stay? It seems to us it would not do to so hold, but that section 3102 must be regarded as applying to stays of execution in justice's courts, as well as in courts of record. It follows that the sale under the Finn judgment was, as to the defendant Markley, absolute, and that it divested him of all interest in the property, without any right of redemption.

II. The plaintiff claims that as to the defendant, Markley, the sale under the Finn judgment cut off all right of redemp-

2. ——: sale: tion, but insists that he, as a lien holder, has a
redemption:
lien holder. right to redeem from the sheriff's sale. Plaintiff relies upon *Sieben v. Becker*, 53 Iowa, 24. But the sale under the Finn judgment occurred July 3, 1879, and plaintiff did not obtain his judgment until September 1, and did not file a transcript of it until September 27, 1879. The plaintiff was not a lien holder when the sale under the Finn judgment was made. When the plaintiff obtained his judgment all right of Markley in the property had been divested, and there was no interest remaining upon which plaintiff's judgment could attach as a lien. It follows that the plaintiff is not entitled to redeem.

Upon the plaintiff's appeal the judgment is affirmed. Upon the defendants' appeal

REVERSED.

SEEVERS, CH. J., *dissenting.*—The foregoing opinion holds that Section 3102 of the Code applies to judgments rendered by a justice of the peace. I think this construction of the statute is erroneous. The statute provides that "in no action where the defendant has taken an appeal from the Circuit or District Court, or stayed execution on the judgment, shall he be entitled to redeem." The appeal must have been taken from a judgment rendered by a court of record, then follow the words "or stayed execution." This evidently means a stay of execution may be issued on the same class of judgments as those from which the appeal must be taken. That this is the proper construction is strengthened by the consideration that

real property cannot be sold on executions issued by a justice of the peace. When the execution was stayed real estate could not be sold under the judgment. The right to redeem therefore was in no manner affected thereby; subsequently the judgment became a judgment in a court of record but this was not done or caused by Markley. It seems to me, he therefore should not be deprived of a substantial and important right.

The judgment of the Circuit Court should be affirmed.