MUNSON, ADM'R, v. PLUMMER ET AL.

1. **Forcible Detainer:** TENANCY AT WILL: FACTS CONSTITUTING. Where real property was ordered sold under special execution, and the execution defendants had appealed the cause to the Supreme Court, but the execution plaintiff, who purchased the property at the sale, did not demand a sheriff's deed, as he might have done under section 3102 of the Code, but accepted a certificate of purchase subject to redemption, and allowed the defendants to occupy the property, *held* that defendants were in possession with the assent of the owners, and were tenants at will, and that the action of forcible entry and detainer could not be maintained against them without the thirty days notice required by section 2015 of the Code.

*Appeal from Buchanan Circuit Court.*

FRIDAY, JUNE 16.

ACTION of forcible detainer. There was a trial of the case before a justice of the peace, and judgment for the plaintiff. Upon appeal to the Circuit Court the judgment of the justice was affirmed. Defendants appeal.

*John J. Ney*, for appellants.

*C. E. Ransier*, for appellee.

ROTHROCK, J.—I. The case was tried in the Circuit Court upon the following statement of facts as agreed upon by the parties, and which is embraced in the certificate of the judge:

"1st. The parties agree to the following statement of facts:

"On the 7th day of November, 1879, a judgment was entered in the Circuit Court of Buchanan county, Iowa, in favor of plaintiff and against defendants, and the amount of the judgment was $1,810.30 and cost. The decree stated that lot 8, block 5, S. & M's addition to Independence, Iowa, be sold to satisfy the same.

"On the 12th day of November, 1879, a special execution was issued out of said court directing the sheriff to sell said property subject to redemption. An appeal was taken from said judgment and decree to the Supreme Court of Iowa, prior to the day of such sale.

"That on the 13th day of December, 1879, said premises were sold on said execution to plaintiff, the purchaser, and a certificate of sale issued, which stated that said premises were sold subject to one year's redemption.

"On the 14th day of December, 1880, said plaintiff obtained a sheriff's deed by virtue of such sale. Defendants have held possession of said premises since 1872, with plaintiff's knowledge, to the time of the trial of the case before the justice from which this appeal was taken, to-wit: December 24th, 1880. And no notice to quit was served on defendants, except the three days notice. On the 27th day of December, 1881, the justice rendered judgment in favor of the plaintiff, granting the writ of removal and judgment for costs and soforth.

"2d. This court asks the opinion of the Supreme Court as to whether or not, under the above statement of facts, a three days' notice is sufficient to sustain the action of forcible entry and detainer, or are defendants entitled to thirty days notice?

"Are defendants tenants at will?"

The point of controversy seems to be whether the defendants were tenants at will, and it seems to be conceded that if they were, the tenancy could not be terminated without the thirty days notice required by section 2015 of the Code.

It appears that the appeal was taken after the special execution was issued, and that, notwithstanding the appeal, the plaintiff, without recalling the execution, or even demanding that the sale be made absolute, allowed it to proceed and without demanding a deed, took his certificate of sale and allowed the defendants to remain in possession during the period provided by law for redemption.

The right of the defendant to redeem was forfeited by the appeal. Code, § 3102.

The facts in this case appear to us to be within the rule announced in *Dobbins v. Lusch, Carton & Co.*, 53 Iowa, 304. In that case the plaintiff in execution elected to leave the property in its original possession pending the appeal, and it was held that the possessor became a tenant at will because he was in possession with the assent of the owner. The facts in the case showing the assent of the owner to the possession are stronger than they were in that case, for here the plaintiff made no demand of a deed at the sheriff's sale, but accepted the certificate, while in that case the plaintiff demanded a deed, which was refused.

II. It is argued by the appellee that the record as above set out does not show which party appealed from the judgment and decree. It is true it is not stated in terms that the defendants appealed, but one party or the other did appeal, and we think it sufficiently appears that the defendants were appellants, as the plaintiff, by his execution and sheriff's sale, was seeking to enforce the judgment and not reverse it.

We think that the court erred in holding, under the facts in the case, that the defendants were not tenants at will.

REVERSED.