JAMES L. LOMBARD, Appellant, v. CARRIE GREGORY *et al.*, Appellees.

Sale of Real Estate on Execution: APPEAL: REDEMPTION. Where a defendant appeals from a judgment wherein there is a sale of real estate on execution, and the judgment is reversed, he will not be entitled to redeem from a sale subsequently made under a modified decree.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, JANUARY 25, 1894.

ACTION for the foreclosure of a mortgage on real estate. From a decree for the plaintiff the defendant appealed, and the decree was reversed. A modified decree was thereafter entered by the district court, ordering a sale of the property subject to the right of redemption, and the plaintiff appeals.—*Reversed.*

*D. H. Ettien* and *S. McPherson* for appellant.

No appearance for appellees.

KINNE, J.—In this case a mortgage was foreclosed upon certain real estate, and a decree entered, ordering the sale of the mortgaged property under special execution. Sale was had, and the plaintiff became the purchaser. After the sale, the defendants appealed, but filed no supersedeas bond. This court reversed the decision of the lower court, found the amount which the plaintiff was entitled to recover, and ordered a decree entered in the district court foreclosing the mortgage for said sum. 47 N. W. Rep. 298. When the decree which is now appealed from was entered in the district court, it was ordering the sale of the real estate subject to the right of redemption. To this part of the decree, the plaintiff excepted, and appeals therefrom.

It is insisted in this case that the decree should have been entered, ordering the land sold without redemption. This claim is based upon section 3102 of the Code, which reads: "The defendant may redeem real property at any time within one year from the day of sale as herein provided, and will, in the meantime, be entitled to the possession of the property. But in no action where the defendant has taken an appeal from

the district court, or stayed execution on the judgment, shall he be entitled to redeem." In this case the appeal was taken by the defendant from the judgment of the district court, and the judgment and decree reversed by this court; it followed, as a matter of course, that the sale made under said judgment and decree, and prior to the decision of this court, was of no effect. It may be claimed that under such circumstances the limitation on the right to redeem does not apply, inasmuch as the original judgment and decree was set aside, and a new one entered, from which no appeal has been taken. But we can not see how such a theory is consistent with the provision of the statute. It is absolute that in "no action where the defendant has taken an appeal * * * shall he be entitled to redeem." Now, the statute makes no exceptions. The intent of the law was that a defendant who, by appeal, delayed the sale, should not be entitled to avail himself of that delay, and also retain the right of redemption. This is an action; an appeal has once been taken therein by the defendant, and thereby his right of redemption is lost; and the fact that on the appeal the judgment was reversed, it seems to us, is entirely immaterial. This right of redemption is a statutory right, and can be enjoyed only in compliance with the provisions of the statute. In *Dobbins v. Lusch*, 53 Iowa, 308, in construing this section, it is said: "The provisions of this section are so plain that there is no room for construction. The right of redemption is denied, by express provision, in every case where the defendant has appealed." It is true, in that case, the judgment below was affirmed; but, as we have indicated, the application of the law is the same, whether the case is affirmed or reversed on appeal. It is not an affirmance or reversal that is made the test by which we are to determine whether the right of redemption exists, but the limitation on the right of redemption, as provided in the section quoted, becomes

operative whenever an appeal is taken by the defendant. The decree entered by the court below will be so modified as to order a sale of the premises without redemption. REVERSED.