## CORNELISON v. FITCH.*
### No. 10848.

Circuit Court of Appeals, Eighth Circuit.

July 6, 1937.

R. Brown, of Creston, Iowa, for appellant.

Marshall F. Camp, of Creston, Iowa, for appellee.

Kenneth H. Davenport, of Creston, Iowa, and D. L. Ross, Folsom Everest, William E. Mitchell, and Karl F. Geiser, all of Council Bluffs, Iowa, for John Hancock Mut. Life Ins. Co. of Boston, Mass., amicus curiæ.

Before WOODROUGH, THOMAS, and FARIS, Circuit Judges.

PER CURIAM.

This appeal was allowed by this court and is taken by the bankrupt to reverse orders made in proceedings in bankruptcy.

The bankrupt is a farmer who owns a farm mortgaged far beyond its value, farm chattels worth a hundred dollars, also mortgaged, and a small amount of exempt personal property. He filed his petition under section 75 of the Bankruptcy Act (as amended by Act March 3, 1933, 47 Stat. 1470, and as amended in 1934, 48 Stat. 925, 1289, 11 U.S.C.A. § 203), in September, 1934, and the same was approved. Later, in September, 1935, he amended the petition to come within the terms of section 75 (s) of the act, as amended August 28, 1935 (11 U.S.C.A. § 203 (s), and the amendment having been allowed and the case

* Rehearing denied Aug. 19, 1937.

transferred to the conciliation commissioner, some of the steps contemplated by the act were taken, but the bankrupt did not request or elect to avail himself of the privileges specially provided by subdivision (s) of the act. Foreclosure of the mortgage pending in the state court (long since in decree) has been stayed, first for the full period of the Iowa Moratorium Act, and since then throughout the bankruptcy proceedings.

It appears that on October 26, 1936, the bankrupt made an offer of composition to creditors in which he offered to pay his secured creditors, in cash, the fair and reasonable value of the property held by them respectively as security, and as to all other creditors, 8 per cent. payable in promissory notes. The owner of the mortgage objected to such proposal and refused the same.

It appears from recitals contained in an order entered by the District Court on December 10, 1936, that the conciliation commissioner placed a valuation of $8,500 on the farm (the mortgage with interest amounting to more than $15,000) and found that the bankrupt "had complied with the conditions precedent as required by the act" and "recommended that the composition settlement" be approved (though no record of such action by the commissioner is found in the transcript). It also appears that the District Court, on December 5, 1936, heard and considered an application made by the bankrupt to confirm the proposed composition. The record also shows that on December 9, 1936, the bankrupt filed in the District Court a document entitled "Amendment to offer of Composition of Bankrupt." He recited therein that he did not have the money to make the proposed cash payment to his mortgagee, "but verily believes that in a reasonable time he can become possessed of funds in said amount."

The trial court, in a written opinion filed December 10, 1936, set forth the terms of sections 12a, 12b of the Bankruptcy Act (11 U.S.C.A. § 30 (a, b), which specifically forbid an application for confirmation of a proposed composition to be filed before "the money necessary to pay all debts which have priority has been deposited in such place as shall be designated by and subject to the order of the judge."

The court then found that the bankrupt "has not complied with this provision of the bankruptcy act requiring the money to be deposited," and said: "The attorney for the bankrupt recognizes this defect but points out that the court might in its discretion continue the proceedings until the money might be raised. The only suggestion as to how the money might be raised is to borrow money on the farm and that some money might be obtained from relatives. I do not find this a satisfactory reason for continuing the question of the confirmation of the composition and it is accordingly denied. * * *"

The court then took up the bankrupt's so-called "Amendment to Offer of Composition," in which the bankrupt stated his belief that he could obtain the money in a reasonable time. After discussing the same, the court expressed the conclusion that the purported amendment added nothing to the application for confirmation and denied permission to file the same. An order was also made directing the conciliation commissioner to release the mortgaged real estate from the bankruptcy proceedings.

Afterwards and on the 11th day of January, 1937, the bankrupt filed a motion for rehearing on the orders set forth, which was heard by the court on January 13, 1937. The court overruled the motion on January 25, 1937, and said in the written opinion supporting the order that "the said motion (for rehearing) contained the statement that the bankrupt had deposited a certain sum of money in one of the banks in Union County, Iowa, but no evidence of this fact was presented at the hearing on the motion for rehearing." General Orders in Bankruptcy, Order 50, subd. 4, 11 U.S.C.A. following section 53.

Many contentions are argued for the bankrupt on this appeal, but the fact stands out on the record that he filed in the District Court a petition for confirmation of a proposed composition in bankruptcy without first making the deposit of money subject to the order of the judge, required by the statute as a condition precedent to such confirmation. It is also evident that when he filed and submitted his motion for rehearing the judge still had no evidence that any such deposit had been made.

When the judge dismissed the petition for confirmation on December 10, 1936, he commented that the failure of bankrupt to make the deposit required by statute was, of itself, a sufficient ground for the dismissal, although "it might have been

dismissed on several grounds," and other matters were discussed.

The additional opinion filed by the court at the time the rehearing was denied reflects that the court then found that the same obstacle to confirmation still existed and was sufficient to justify the dismissal.

The position of the bankrupt on this appeal is that this court should take the bankrupt's statement in his motion for rehearing and conclude from that statement that bankrupt had made the deposit of money required by the statute. The statement in the motion for rehearing did not meet the requirement of the statute because it was not stated that the money had been deposited in any bank designated by the judge nor that any deposit was subject to the judge's order. But, in any event, this court cannot presume that the conclusion of the trial court was wrong. The trial court having found that there had been no deposit in compliance with the statute and the record containing no evidence that the trial court was wrong, the dismissal of the petition to confirm the alleged composition must be sustained on that ground.

We have given careful consideration to various contentions made by the bankrupt. For instance: He owes around $24,000, including some $15,000 to the farm mortgagee, so that on the face of it the mortgagee has the majority in amount of debts. But the bankrupt proposes that the judge value the farm and deduct such value from the $15,000 debt. Then the remainder of the mortgagee's debt would be less than a majority of amount of all debts. Then if the bankrupt could get together the cash amounting to the value put on the farm he figures that, with the consent of his other creditors, and in spite of the mortgage creditor, a composition could be forced through. We find no support for such procedure in the statute.

There is a further contention that the farm mortgage creditor has been estopped to resist such a proposed composition because said mortgagee had disclosed her claimed debt in the proceedings, but we are satisfied the contention is without merit.

We think that the petition for confirmation of composition was rightly dismissed. The order of this court staying foreclosure proceedings in the state court, made effective by the bond given by appellant, is vacated in order that recovery may be had on said bond, and the orders appealed from are affirmed.