LENA CANNY FITCH, Appellee, v. CLYDE JOSEPH CORNELISON et al., Appellants.

No. 44332.

MARCH 15, 1938.

REHEARING DENIED JUNE 24, 1938.

R. Brown and R. W. Levy, for appellants.

Marshall F. Camp, for appellee.

HAMILTON, J.—On February 27, 1932, appellants, Clyde Joseph Cornelison and wife, Cora Cornelison, joined in the execution of a note, and mortgage securing same, to the appellee, Lena Canny Fitch. Because of defalcation in sums due, suit was commenced on June 10, 1934, in the district court of Union County, Iowa, for judgment on said note and foreclosure of said mortgage. The defense was a general denial, the wife also claiming exemption from personal liability. By mutual consent the defendants were granted a continuance under the moratorium statutes then in force. Acts 45th General Assembly, ch. 179. On September 24, 1934, Clyde Joseph Cornelison filed in the bankruptcy court his debtor's petition, under the terms of the Frazier-Lemke Act. Bankr. Act, §75 (s), as added by Act June 28, 1934, 48 Stat. 1289, 11 U. S. C. A. §203 note. On January 13, 1937, for some reason not shown in the record, by order of the United States District Court the matter was ordered out of the bankruptcy court. The period of moratorium having expired, and the matter having been ordered out of the bankruptcy court, the plaintiff, on January 28, 1937, secured a judgment and decree of foreclosure; the judgment being in rem only as against the wife. On February 3, 1937, a special execution issued and the mortgaged property was advertised for sale on March 6, 1937. On February 1, 1937, petition was filed in the United States Circuit Court of Appeals for allowance of appeal from the judgment of the United States District Court in denying the appellant immunity under section 75 of the Bankruptcy Act, as amended, 11 U. S. C. A. §203, which appeal was allowed. On February 20, 1937, the appellant Clyde Joseph Cornelison filed a motion in the United States Circuit Court of Appeals alleging therein the issuance of the special execution and proposed sale thereunder on March 6, 1937, and asking for restraining order staying said sale, which order was granted and served on the sheriff of Union County, Iowa, which resulted in stopping said sale. However, the appellant Cornelison was unsuccessful

in his appeal to the Circuit Court of Appeals, 8 Cir., 91 F. 2d 5, and there was an affirmance of the United States District Court, which ended the matter as far as the United States Court was concerned.

Thereafter, in August, 1937, another special execution was issued, under which the property was again advertised and sold on October 9, 1937, to the plaintiff for $14,000; the certificate of sale containing the usual provision for issuance of sheriff's deed in one year from date of sale unless redemption is made as provided by law. On October 11, 1937, the plaintiff filed in said foreclosure case in the Union County district court "application for issuance of sheriff's deed in lieu of sheriff's certificate," which recited all the foregoing proceedings and alleged "that the defendant lost his right to redeem by taking the appeal from the (United States) District Court and putting up a supersedeas bond and staying execution on the judgment obtained in the foreclosure case and that plaintiff is now entitled to a sheriff's deed for said premises," and applicant prayed that a hearing be had and that the sheriff be ordered to execute a sheriff's deed to plaintiff in lieu of sheriff's certificate and for general equitable relief. This application was set down for hearing and notice prescribed and served on defendants. Defendants appeared thereto and filed a reply in which they alleged that on October 9, 1937, these defendants filed a motion for extension of the period of redemption under Senate File No. 16 and amendments thereto of the Acts of the 47th General Assembly, chs. 78, 79, claiming that they not only were entitled to redeem, but that under said act of the 47th General Assembly they were entitled to an extension of the period of redemption, a sheriff's deed as yet not having been issued; that the defendant Cora Cornelison, as the wife of the debtor, had such an interest in said real estate as entitled her to redeem; that she was not a party to the proceedings in the United States court and took no part in procuring the stay of execution sale; that the decree of foreclosure provided for sale subject to right of redemption and plaintiff so purchased the property and accepted the certificate of sale accordingly, and her bid of $14,000 was applied on said judgment in satisfaction thereof to that extent; that said decree of foreclosure was a final adjudication of the matter and there is no authority for modifying said decree as prayed for by plaintiff in her application, and plaintiff is estopped from demanding

modification thereof and from demanding sheriff's deed be issued; that Clyde Joseph Cornelison has not waived his right to redeem, not having appealed from the judgment rendered and not having in any way waived his right to redeem; wherefore, they prayed that the application be denied and for such other and further relief as the court might find equitable.

On the 14th day of October, 1937, the hearing on this application was had and the court found that the husband, Clyde Joseph Cornelison, had lost his right to redeem by staying execution on the judgment, and that Cora Cornelison, the wife, had no right of redemption, and ordered the sheriff to execute a sheriff's deed to the plaintiff on the surrender of the certificate of sale, and from this order and judgment the defendants have appealed.

Two legal questions are presented by this appeal: (1) Was the stay of execution obtained in the United States Circuit Court of Appeals such as to enable the plaintiff to invoke the provisions of section 11775 of the 1935 Code of Iowa; (2) was the wife entitled to redeem?

**■ ■ ■** I. As to the first proposition, it is contended by appellants that since the stay was not obtained in the district court of Union County where the judgment was rendered, that the provisions of section 11775 have no application. We see no reason or logic in this contention. In the case of Lombard v. Gregory, 90 Iowa 682, 684, 57 N. W. 621, 622, in speaking of this statutory provision we said:

"It is absolute that in 'no action where the defendant has taken an appeal * * * shall he be entitled to redeem.' Now, the statute makes no exceptions. The intent of the law was that a defendant who, by appeal, delayed the sale, should not be entitled to avail himself of that delay, and also retain the right of redemption."

The same reasoning is applicable where no appeal is taken but a stay order is obtained. First Trust Joint Stock Land Bank v. Armstrong, 222 Iowa 425, 269 N. W. 502, 107 A. L. R. 873. The fact that the defendant availed himself of the privilege of obtaining the stay in the United States Circuit Court of Appeals instead of the Union County district court should not change the rule. He might have applied for a stay in the state

court and the state court would have been compelled to grant the same.

■ II. As to the second proposition, relating to the right of the wife to make redemption, we think the matter is controlled by our statutory laws. In this state the right to redeem from execution sale is purely a statutory right and must be exercised only in the manner prescribed by statute. Pierce v. White, 204 Iowa 1116, 216 N. W. 764. In this case the wife set up the defense that she was not a debtor and was not personally liable and the court so decreed. Hence, she is not entitled to redeem as a debtor under section 11774 of the Code. Neither can she classify as a creditor or junior lien holder, nor does she fall within any of the other classes of persons named in sections 11776, 11777, 11778 of the Code of 1935. Neither is she the holder of any title to the real estate because any interest she had was cut off by judicial sale under the judgment against her husband who owned the title. She also joined in the mortgage relinquishing her inchoate right in her husband's property. All of this took place during his lifetime. Bowden v. Hadley, 138 Iowa 711, 116 N. W. 689; section 11990, Code of 1935. So, under the fact situation presented by this record, no right of redemption existed in Mrs. Cornelison.

Some other matters are presented in argument, but are without merit. The judgment and decree of the district court is affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, MILLER, and SAGER, JJ., concur.