FIRST NATIONAL BANK OF GLIDDEN, Glidden, Iowa, and United Central Bank of Des Moines, N.A., Plaintiffs,

v.

MATT BAUER FARMS CORPORATION, Appellant,

The Travelers Insurance Company, Appellee,

Matthew G. Bauer, et al., Defendants.

The TRAVELERS INSURANCE COMPANY, a Corporation, Plaintiff,

v.

ORVILLE LUDWIG, INC., a Corporation, Orville E. Ludwig and Edna Ludwig, Defendants.

No. 86–756.

Supreme Court of Iowa.

June 17, 1987.

Robert K. Clements and Randall C. Stravers of Clements, Pothoven, Pabst & Stravers, Oskaloosa, for appellant.

Timothy V. Haight, Joyce D. Palomar, and Kirk S. Blecha of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for appellee.

**LAVORATO, Justice.**

The sole question at issue is whether an automatic stay of execution under 11 U.S.C. section 362 triggered by the filing of a voluntary bankruptcy petition bars, under Iowa Code section 628.4 (1985), a debtor's right to redeem from a real estate foreclosure sale. We hold that it does and we affirm.

On February 3, 1984, the district court entered a decree of foreclosure in favor of The Travelers Insurance Company (Travelers) regarding certain real estate owned by Matt Bauer Farms Corporation (Bauer). Pursuant to Travelers' request for special execution, a sheriff's sale was scheduled for March 26, 1985. *See* Iowa Code §§ 654.5, 626.74.

Just prior to the sale on March 26, Bauer filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Iowa (bankruptcy court). *See* 11 U.S.C. §§ 1101–1174 (1982). Filing of the petition triggered an automatic stay under 11 U.S.C. section 362 with respect to all sales or other actions by creditors and prevented the scheduled sheriff's sale. The petition was dismissed on October 3, 1985.

On October 25, 1985, Bauer moved to reopen the bankruptcy case and to obtain a temporary restraining order to prevent Travelers from holding a sheriff's sale. The bankruptcy court reopened the case for the limited purpose of litigating the sufficiency of an accounting provided by Travelers. The court also restored the stay provisions of section 362 and specifically prohibited Travelers from proceeding with the levy of execution until further order of the court. This last order prevented a sheriff's sale scheduled for November 20, 1985.

On December 19, 1985, the bankruptcy court entered an order lifting the stay that was restored by its October 25 order. Subsequently, a sheriff's sale was scheduled for January 29, 1986.

On January 28, 1986, Bauer filed another voluntary chapter 11 petition in the bankruptcy court. By this filing, Bauer once again triggered the automatic stay provisions under 11 U.S.C. section 362 and once again prevented a sheriff's sale. This last

petition was dismissed on February 20, 1986. A sheriff's sale was then scheduled for April 8, 1986.

On March 19, 1986, Bauer filed another voluntary petition in the bankruptcy court, but this time it filed under chapter 7. *See* 11 U.S.C. §§ 701–766. The court granted Travelers' motion to lift the automatic stay in these proceedings on March 27, 1986. *See* 11 U.S.C. § 362(d). In its order the court stated:

> This is 5th filing under Title 11. Court finds that debtor has abused process and that stay should lift for cause. Court also finds no equity and no necessity for effective reorganization. Any claims against Travelers Ins. Co. can be litigated in state court.

On April 7, 1986, Travelers moved in the foreclosure action for issuance of a sheriff's deed. *See* Iowa Code § 626.95. In its motion, Travelers asserted that under Iowa Code section 628.4, Bauer no longer "has any right of redemption because it has received several stays of execution pursuant to 11 U.S.C. section 362 of the Bankruptcy Code." Travelers purchased the real estate at the foreclosure sale, which finally occurred as scheduled on April 8, 1986.

On April 30, 1986, the district court sustained Travelers' motion and ordered the sheriff to "issue deeds directly to The Travelers Insurance Company as the purchaser of the real estate sold at the sheriff's sale herein." Bauer has appealed from this order, contending that an automatic stay under the provisions of 11 U.S.C. section 362 is not a "stay" for the purposes of Iowa Code section 628.4, which provides: "A party who has taken an appeal from the district court, or stayed execution on the judgment, is not entitled to redeem." Therefore, Bauer asserts, the district court erred in sustaining Travelers' motion and in ordering issuance of a sheriff's deed to Travelers.

■ I. The right to redeem is purely statutory. *See* Iowa Code § 628.3; *Farmers Trust & Sav. Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984), reprinted in 44 A.L.R.4th 1219 (1986); *Pierce v. White*,

204 Iowa 1116, 1117, 216 N.W. 764, 764 (1927). As such it may be exercised only by those to whom the statute gives the right and in the manner which the statute prescribes. *Manning*, 359 N.W.2d at 463–64; *Pierce*, 204 Iowa at 1117, 216 N.W. at 764. The right runs for one year from the date of the execution sale. *See* Iowa Code § 628.3. The purchaser at the sale receives a sheriff's certificate. *See* Iowa Code § 626.95. During the one-year redemption period, the debtor may redeem the property by paying the sale price plus the remaining amount of the certificate holder's lien, including costs and interest. *See* Iowa Code § 628.13. Failure on the part of the debtor to redeem during the one-year redemption period entitles the certificate holder to a sheriff's deed. *See* Iowa Code § 626.98.

Iowa Code section 628.4 bars redemption by a party who appeals from the district court judgment of foreclosure or stays execution on a judgment of foreclosure. This redemption bar statute is peculiar to Iowa. *See* Annotation, *Constitutionality, Construction, and Application of Statute as to Effect of Taking Appeal, or Staying Execution, on Right to Redeem From Execution or Judicial Sale*, 44 A.L.R. 4th 1229, 1231 n. 2 (1986) (collects all Iowa cases that construe or apply section 628.4 and its predecessor statutes).

As is the case with the right of redemption, the right to stay proceedings pending appeal is purely a creature of statute. *See State ex rel. Schilling v. Community School Dist.*, 252 Iowa 491, 498, 106 N.W.2d 80, 85 (1960). Likewise, 11 U.S.C. section 362 is a statutory provision for an automatic stay in certain cases upon the filing of a petition in bankruptcy under chapters 7, 9, 11, 12, and 13 of the United States Code. Section 362 replaced by a single section a confusing collection of language regarding stays under the former bankruptcy rules. 2 *Collier on Bankruptcy* ¶ 362.01, at 362–7 (L. King 15th ed. 1987).

■ We recently reviewed the history and purpose of section 628.4 in *Farmers*

*Trust & Savings Bank v. Manning*, 359 N.W.2d 461, 464–65 (Iowa 1984) (discussing "appeal" provision of statute). We found that section 628.4 was a legislative response to our case law extending, in certain cases, the redemption period, which in turn encouraged appeals and thus delays. *Id.* at 464. We described section 628.4 and the right to redeem statute, section 628.3, as the legislature's way of setting up a "scheme which carefully balances the rights and obligations of all those involved when a real estate mortgage is foreclosed." *Id.* Under the scheme the debtor may claim either but not both of the statutory rights: appeal or redemption within one year. *Id.* Finally, we recognized two justifications for section 628.4:

> First, it is said the waiver cuts down the delay that would otherwise be obtained by debtors who pursue frivolous appeals merely to buy time. In other words, the section is said to prevent the unfair extension of the redemptive period by delaying tactics. The second justification for section 628.4 is that it makes title more marketable.

*Id.* (citations omitted). The same reasoning and justifications apply to the stay provision of section 628.4. When a judgment of foreclosure is entered, the debtor may claim either the right to stay the judgment or the right to redeem, but not both.

Bauer does not dispute the fact that a debtor waives his or her right of redemption when the debtor specifically requests a stay of the judgment and is granted one. Bauer, however, argues that a stay under 11 U.S.C. section 362 is not a stay for the purposes of section 628.4 because the stay is automatically obtained rather than being sought by the debtor. We disagree.

In *Fitch v. Cornelison*, 224 Iowa 1252, 278 N.W. 309 (1938), the mortgagee sued to foreclose on a note and mortgage. Thereafter, the mortgagors filed a petition in bankruptcy that was ultimately dismissed. After the dismissal, the mortgagee secured a judgment and decree of foreclosure. A special execution issued, and the mortgaged property was advertised for sale. The mortgagors, meanwhile, appealed the

dismissal of their bankruptcy petition to the United States Court of Appeals. During the appeal the mortgagors sought and obtained from the court of appeals a restraining order staying the sale. After the mortgagors lost their appeal, the sale took place. As in this case, the mortgagee-purchaser requested a sheriff's deed and alleged the mortgagors had waived their right to redeem under the contemporaneous version of section 628.4. We held the redemption bar statute applied even though the stay was not granted by the court in which the foreclosure judgment was entered. *Fitch*, 224 Iowa at 1255, 278 N.W. at 310.

In *Fitch*, we followed the reasoning of *Lombard v. Gregory*, 90 Iowa 682, 684, 57 N.W. 621, 622 (1894), in which case we stated "the [redemption bar] statute makes no exceptions. The intent of the law was that a defendant who, by appeal, delayed the sale, should not be entitled to avail himself of that delay, and also retain the right of redemption." *Fitch*, 224 Iowa at 1255, 278 N.W. at 310. We decided the reasoning of *Lombard* also applied when "no appeal is taken but a stay order is obtained." *Id.; see also Brown v. Markley*, 58 Iowa 689, 693, 12 N.W. 721, 723 (1882) (stay obtained in justice of peace court bars right to redeem).

We refuse to exalt form over substance, which, in essence, is the foundation of Bauer's argument. Even though Bauer did not specifically request the stays, as did the mortgagors in *Fitch*, the effect on the foreclosure sale was the same: delay. When a judgment of foreclosure is entered, the debtor is required to choose between his or her statutory right to redeem on the one hand, and his or her statutory rights to appeal or stay execution on the other hand. *See Manning*, 359 N.W.2d at 464. *Black's Law Dictionary* 1267 (5th ed. 1979) defines a stay of execution as the stopping or arresting of execution on a judgment for a limited period. A stay may be given by statute, or effectuated by order of court or by agreement of the parties. *Id.*

■ A stay under 11 U.S.C. section 362 automatically stops execution on a judg-

ment of foreclosure.[1] By its numerous filings in bankruptcy, Bauer opted to stay execution on the judgment. The numbers and timing of the filings clearly suggest that Bauer intentionally used the bankruptcy laws to prevent a foreclosure sale.[2] The filings had the desired effect because the foreclosure sale was delayed three times over the course of approximately fourteen months. To allow Bauer an additional year in which to redeem would do violence to the legislative scheme designed to carefully balance "the rights and obligations of all those involved when a real estate mortgage is foreclosed." *Manning*, 359 N.W.2d at 464.

■ Bauer also argues the legislature did not intend section 628.4 to address an automatic stay under the bankruptcy law. To the contrary, we believe the statute evinces a clear legislative mandate: the right of redemption is barred in every case in which there is a stay of execution on the judgment no matter how obtained.

Substantively, section 628.4 has remained virtually unchanged for over one hundred years despite the fact that we have, on occasion, questioned its fairness to debtors. *See Manning*, 359 N.W.2d at 465; *Dobbins v. Lusch, Carton & Co.*, 53 Iowa 304, 308, 5 N.W. 205, 208 (1880). Had the legislature intended to alleviate any supposed unfairness in the statute by providing exceptions to the stay provision, it certainly knew how to do so. *See Fitch*, 224 Iowa at 1255, 278 N.W. at 310 (quoting *Lombard*, 90 Iowa at 684, 57 N.W. at 622 (section 628.4 makes no exceptions)).

Moreover, we have said that the provisions of section 628.4 are "so plain that there is no room for construction," *Dobbins*, 53 Iowa at 308, 5 N.W. at 208, and that these provisions " 'must be strictly complied with.' " *First Trust Joint Stock Land Bank v. Armstrong*, 222 Iowa 425, 429, 269 N.W. 502, 504 (1936) (quoting *North-*

*western Mut. Life Ins. Co. v. Hansen*, 205 Iowa 789, 794, 218 N.W. 502, 505 (1928)). Finally, section 628.4 confers no discretion upon the courts. *Hansen*, 205 Iowa at 794, 218 N.W. at 505 (quoting *Tharp v. Kerr*, 141 Iowa 26, 31, 119 N.W. 267, 269 (1909)).

■ Section 628.4 bars the redemption rights of a party who has "stayed execution on the judgment." We agree with the district court that an automatic stay resulting from the filing of a voluntary petition in bankruptcy is a stay under section 628.4.

AFFIRMED.

All Justices concur except HARRIS and WOLLE, JJ., who specially concur, and CARTER and SCHULTZ, JJ., who dissent.

HARRIS, Justice (concurring).

I concur in the majority opinion but write separately to comment on the matters raised in the dissenting opinion. The effect of the federal statute, 11 U.S.C. § 541(c)(1), is not a matter before us. It was not cited or urged by any party, either in the trial court or on appeal. We decline to consider issues raised for the first time on appeal. *Kroblin v. RDR Motels, Inc.*, 347 N.W.2d 430, 434 (Iowa 1984). The cited federal statute was not even raised on appeal. Its effect should be considered only in a case in which the question is properly presented.

WOLLE, J., joins this special concurrence.

CARTER, Justice (dissenting).

I dissent. Iowa Code section 628.3 creates a right of redemption in the judgment debtor as a property right. That right is assignable pursuant to section 628.25. Federal bankruptcy courts have recognized that the debtor's right of redemption of real property is a legal and equitable interest in property and constitutes part of the debtor's bankruptcy estate. *Johnson v. First Nat'l Bank*, 719 F.2d 270, 276 (8th

---

**1.** Before passage of § 362, debtors specifically requested stays to prevent specific creditors from enforcing liens on the debtors' properties. 2 *Collier on Bankruptcy* ¶ 362.01, at 362–18 (L. King 15th ed. 1987). This procedure was found to be faulty. There were problems with notice and compliance with procedural rules. An automatic stay, as now found in § 362, triggered

by the filing of a petition was thought to be a satisfactory solution to these problems. *Id.* at 362–19.

**2.** Our conclusion in this respect is reinforced by the bankruptcy court's finding that Bauer had abused the bankruptcy process.

Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). It is expressly provided in 11 U.S.C.A. § 541(c)(1) (West Supp.1987) that

> an interest of the debtor in property becomes property of the estate ... notwithstanding any provision in an agreement, transfer instrument, *or applicable nonbankruptcy law—*
>
> ....
>
> (B) that is conditioned on the insolvency or financial condition of the debtor, *on the commencement of a case under this title,* or on the appointment of or taking possession by a trustee ... and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(Emphasis added.) Under the majority's interpretation of Iowa Code section 628.4, property in which the debtor holds an interest is forfeited on commencement of the case under title 11 U.S.C. Clearly, such interpretation is contrary to the foregoing statute for purposes of the bankruptcy court's administration of the property and therefore invalid under the supremacy clause of the federal constitution. I believe that interpretation is similarly invalid with respect to the debtor's rights *after* the property is released by the bankruptcy court. It adversely affects the power of the bankruptcy court to carry out the intention of the federal statutes vis-a-vis debtor rehabilitation. Moreover, it will often produce a chilling effect on the debtor's opportunity to seek such rehabilitation under federal law.

Notwithstanding the fact that the appellant has not relied on the significance of 11 U.S.C. § 541 in the present case, we have an obligation to interpret our statutes in a manner which avoids potential constitutional infirmities. Consequently, I would interpret section 628.4 as not providing for the loss of a debtor's right to redeem upon the filing of a voluntary petition in bankruptcy.

SCHULTZ, J., joins this dissent.