# IN THE COURT OF APPEALS OF IOWA

No. 18-0925
Filed March 20, 2019

**GREAT WESTERN BANK,**
    Plaintiff,

**vs.**

**CONRAD D. CLEMENT; MANACO, CORP., and PARTIES IN POSSESSION,**
    Defendant.

_____

**SUE ANN DOUGAN,**
    Appellant,

**vs.**

**WAYNE JOSEPH MLADY,**
    Appellee.
_____

Appeal from the Iowa District Court for Howard County, John J. Bauercamper, Judge.

The assignee of a debtor's right of redemption appeals the district court's determination that the assignment was not valid and enforceable under the terms of the underlying foreclosure decree. **REVERSED AND REMANDED.**

John L. Duffy of Heiny, McManigal, Duffy, Stambaugh & Anderson, P.L.C., Mason City, for appellant.

Lynn Wickham Hartman, Erin R. Nathan, and Jared F. Knight of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Sue Ann Dougan, the assignee of a debtor's statutory right of redemption, appeals following the dismissal of her petition in district court seeking declaration of her assignment's validity, as well as calculation of the interest due to redeem the assignor-debtor's foreclosed property. Dougan challenges the district court's determination that the use of the word "exclusive" in the foreclosure decree meant the debtor was prohibited from validly assigning his right of redemption. Dougan further asserts the court erred in finding that because the debtor did not appeal the decree, "the law of the case" and res judicata rendered Dougan's assignment invalid and unenforceable. Upon our review, we reverse the ruling and remand the case back to the district court for further proceedings consistent with this opinion.

### I. *Background Facts and Proceedings.*

In December 2016, lender Great Western Bank filed a petition in district court alleging Conrad Clement, the debtor, was in default under the terms of the parties' mortgage agreement for failing to pay the bank as agreed. The bank requested judgment be entered against Clement for the sums of money due under the parties' agreement. The bank also requested the property securing the parties' agreement—208 acres of agricultural land—be foreclosed upon to satisfy the judgment.

In January 2017, the bank filed a motion seeking entry of a default judgment against Clement and parties in possession. On February 3, 2017, the district court entered an order finding Clement and parties in possession in default and entered a default judgment against them. The court directed the bank to submit a proposed

judgment and decree of foreclosure consistent with the relief it prayed for in its petition.

On March 24, 2017, the district court entered a decree granting the bank's request to foreclose upon the farm property that secured Clement's mortgage. The decree noted the judgment and decree had been submitted by the bank as previously directed by the court. Among the findings of fact set out in the decree, one paragraph stated: "The court notes that the Subject Real Estate is agricultural real estate and, as such, there shall be a one-year redemption following sheriff's sale, exclusive to the Defendant, Conrad D. Clement only. The court further notes that sheriff's sale may be scheduled immediately upon request by [the bank]." Similarly, in the "order, judgment and decree" section of the decree, the decree provided:

> The court finds that the Subject Real Estate is agricultural real estate and, as such, following sheriff's sale of the Subject Real Estate, which may take place immediately upon written request by counsel for Lender, there shall be a one-year period of redemption exclusive to the Defendant, Conrad D. Clement, following any such sheriff's sale.

Following a sheriff's sale, the farm property was purchased by Wayne Mlady on May 22, 2017. Almost eleven months later, Sue Ann Dougan filed a petition in the case essentially seeking entry of a declaratory judgment in her favor. Dougan's petition stated Clement had assigned his right to redeem the farm property to her, with a copy of the assignment attached thereto. The assignment stated it was effective March 28, 2018, and it assigned Clement's "exclusive right to redeem the [farm] real estate" for value received. In her petition, Dougan states she had tendered to the district court clerk more than the sum due pursuant to Iowa Code

sections 628.13 and .18 (2017) to redeem the property.  She requested the district court "[r]atify and confirm the redemption of the [farm property] by [Dougan] in accordance with the terms determined by the court."  Mlady answered the petition and resisted Dougan's claims she validly redeemed the farm property.

A hearing on Dougan's petition was held in April 2018 before a judge not previously involved in the foreclosure case.  Thereafter, the court entered an order denying Dougan's petition and determining Clement's assignment was not valid and enforceable.  The court concluded: "The decree states that the redemption right is exclusive to Clement.  This decree was not appealed and is the law of the case."

Dougan subsequently filed a motion for a new trial and "to reconsider, enlarge and explain pursuant to [Iowa Rule of Civil Procedure] 1.904(2)."  Additionally, Dougan requested the court stay, pending a ruling on her rule 1.904(2) motion, the issuance of the sheriff's deed.  The court denied the request for a stay and did not address the motion for a new trial or 1.904(2) motion.  The court found the stay was not merited "as Ms. Dugan can dismiss her 1.904 motion, file a notice of appeal and post a supersedeas bond pursuant to the appellate rules and stay these proceedings."  Dougan subsequently dismissed her district court motions and filed a notice of appeal.

Dougan now appeals the district court's order denying her petition.  Because the case was tried in equity, our review is de novo.  *See Decorah State Bank v. Wangsness*, 452 N.W.2d 438, 439 (Iowa 1990).  However, insofar as Dougan raises issues involving statutory construction, our review is for corrections of errors at law.  *See Porter v. Harden*, 891 N.W.2d 420, 424 (Iowa 2017); *Johnson*

*Propane, Heating & Cooling, Inc. v. Iowa Dep't of Transp.*, 891 N.W.2d 220, 224 (Iowa 2017).

## II. Discussion.

Dougan argues the court erred in not finding Clement's assignment to be valid and enforceable pursuant to Iowa Code section 628.25 and existing case law. Mlady challenges Dougan's claim but approaches it from another angle. Mlady first argues Dougan failed to preserve error on her claims. Because the foreclosure decree stated Clement had the "exclusive right" to redeem and Clement did not appeal the decree, Mlady asserts the decree's language controls the outcome. But, if we should find Clement could assign his redemption right, Mlady argues Dougan, as Clement's assignee, had to appeal the foreclosure decree for Clement to challenge the language of the decree, and thus the principles of res judicata prevented this action. Finally, even if we find appeal of the decree was not necessary, Mlady argues Dougan did not properly redeem in time to recover the property. In response to the latter argument, Dougan argues Mlady failed to present it before the district court and has therefore failed to preserve it for our review.

We start with the applicable statutory law. "Chapter 628 of the Iowa Code provides a right of redemption for mortgage debtors and creditors." *Hawkeye Bank & Tr. N.A., of Centerville-Seymour v. Milburn*, 437 N.W.2d 919, 921 (Iowa 1989). Because "[t]he right to redeem is purely statutory[,] . . . it may be exercised only by those to whom the statute gives the right and in the manner which the statute prescribes." *First Nat'l Bank of Glidden v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 53 (Iowa 1987). Significantly, Iowa Code section 628.25, entitled "Transfer of

debtor's right," explicitly states: "The rights of a debtor in relation to redemption are transferable, and the assignee has the like power to redeem." *See also Hartman Mfg. Co. v. Luse*, 96 N.W. 972, 973 (Iowa 1903) (explaining there is nothing anywhere in our law prohibiting a debtor from disposing a right of redemption to another by assignment). Moreover, the court has expounded:

> Ownership is always transferable. Its transfer necessarily carries the statutory right of redemption. The practical effect of such transfer is that when the distressed, and perhaps helpless, owner of real estate is approaching the end of his period of redemption, he may barter to another the remnant of his rights, both contractual and statutory. In such a case the right of redemption carries the only value which the ownership has. Such value is potential and can be realized only by the exercise of the right of redemption. The exercise of such right saves the ownership. If the owner is not able to exercise such right, then neither ownership nor right of redemption has any value.

*Cent. Life Assur. Soc. v. Spangler*, 216 N.W. 116, 117 (Iowa 1927). Clearly, Clement had a right to assign his redemption rights to Dougan.

Section 628.3 concerns redemption by the debtor:

> The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof; and for the first six months thereafter such *right of redemption is exclusive*. Any real property redeemed by the debtor shall thereafter be free and clear from any liability for any unpaid portion of the judgment under which said real property was sold.

(Emphasis added); *see also Kuehl v. Eckhart*, 608 N.W.2d 475, 477 (Iowa 2000). During that time, "the debtor may redeem the property by paying the sale price plus the remaining amount of the certificate holder's lien, including costs and interest." *First Nat'l Bank of Glidden*, 408 N.W.2d at 53 (discussing section 626.13). If the debtor fails "to redeem during the one-year redemption period," the certificate holder is entitled to a sheriff's deed. *Id.*

Section 628.3's use of the word "exclusive" was discussed by the Iowa Supreme Court in *Farmers Production Credit Association v. McFarland*, 374 N.W.2d 654, 656 (Iowa 1985). In that case, a junior mortgage-holder argued "a creditor is entitled to redeem from a mortgagor's grantee who redeemed within the exclusive period," for reasons not relevant here. *See McFarland*, 374 N.W.2d at 654, 656. But in resolving the creditor's claim, the court explained:

> The plain language of section 628.3 gives the debtor the exclusive right to redeem during the appropriate six or three month period. An exclusive right is one which only the grantee thereof can exercise, and from which all others are prohibited or shut out." *Black's Law Dictionary* 507 (rev. 5th ed. 1979). We interpret the use of the term "exclusive" to vest the right of redemption in the debtor only and to shut out all creditors. In the instant case the mortgagors have assigned their redemption rights to [an assignee]. Such assignments are permitted under section 628.25. . . . "Like" is defined as "[e]qual in quantity, quality, or degree or exactly corresponding." *Black's Law Dictionary* at 834. The plain words of the statute give the assignee the same quantity and quality of rights as the debtor, which would include the "exclusive" right to redeem within three months of the sheriff's sale.

*Id.* at 656.

On appeal, Dougan argues the foreclosure decree's use of the word "exclusive" concerning Clement's right of redemption did not mean he could not assign his right as provided in section 628.25. We agree. That is exactly what the court said a debtor could do in *McFarland*. *See id.* If the supreme court's pronouncements are to be changed, they are best addressed by that court, as we are bound by its holdings. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Hughes*, 457 N.W.2d 25, 28 (Iowa Ct. App. 1990) (citing *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our

previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.")).

Mlady insists the district court correctly determined that the law of the case and res judicata apply, asserting Dougan or Clement had to appeal the foreclosure order to either change the word "exclusive" or include Clement's assignees in the clause. However, given the express statements by the court in *McFarland*, the use of "exclusive" in the decree in relation to the right of redemption clearly included Clement's assignees without explicit reference. "[A] party need not, in fact cannot, appeal from a favorable ruling." *Johnston Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 16 (Iowa 1992). Neither Clement nor Dougan had anything to appeal at that point.

### III. Conclusion.

Because Clement had the exclusive right of redemption under section 628.3 and the foreclosure decree, and because *McFarland* states the right likewise applies to his section 628.25 assignee, Dougan's assignment was valid and enforceable. The district court erred in holding otherwise. Accordingly, we reverse the district court's ruling finding the assignment was invalid, and we remand for entry of judgment consistent with this opinion. Additionally, we direct the district court to determine whether the redemption was timely under chapter 628, an issue raised below by Mlady.[1]

**REVERSED AND REMANDED.**

---

[1] The record shows Mlady raised this issue before the district court. Because Mlady prevailed on the ruling below, he was not required to appeal the court's failure to rule on the issue to preserve it. *See Johnston Equip. Corp. of Iowa*, 489 N.W.2d at 16.