FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. CLAUDE S. ARMSTRONG et al., Appellees.

No. 43680.

OCTOBER 27, 1936.

H. H. Lommen and Buell McCash, for appellant.

Jones & White, for appellees.

RICHARDS, J.—In this foreclosure suit plaintiff declared upon a promissory note and real estate mortgage securing same. Claude S. Armstrong and wife, owners of the real estate and makers of the note and mortgage, are defendants. The remaining defendant is D. W. Bates, Receiver of Agency Savings Bank, hereinafter referred to as Bates, Receiver. He held a second mortgage on the same real estate. As part of relief sought plaintiff prayed for appointment of a receiver of the mortgaged premises. The defendants filed separate answers setting up as a de-

fense to plaintiff's prayer for a receiver the claim that the defendant Bates, Receiver, had previously filed a petition commencing foreclosure of his second mortgage, and that thereby Bates, Receiver, had acquired a prior lien upon the rents and profits from the mortgaged premises, and that plaintiff was without rights to a receivership. Plaintiff moved to strike these matters from the answers. The trial court sustained the motion. Therefrom the defendants appealed to this court. We held the ruling on the motion was erroneous and the case was reversed, the opinion being found in 220 Iowa 416, 262 N. W. 815. After the procedendo following reversal had reached the district court plaintiff filed the second amendment to its petition setting forth the fact of the appeal and praying that, by reason of that fact, it be decreed that the mortgaged real estate be sold by the sheriff on special execution without any right of redemption by any of the defendants, and that immediately upon such sale the sheriff issue to the purchaser a sheriff's deed. A trial upon the merits of the case ensued, and a judgment was rendered against the defendant makers and against the mortgaged real estate, in rem, for the amount of the note and costs. The judgment was established as a lien upon the mortgaged premises, and it was ordered that special execution issue for the sale thereof to make the amount of the judgment and accruing costs. The decree also provided that the issues with respect to the statutory rights, if any, of the defendants to redeem from the special execution sale, and with respect to the right, if any, of the receiver appointed in the foreclosure of the second mortgage to collect the rents during the statutory period of redemption, if any, be continued for further hearing subsequent to the special execution sale. It is evident that this decree was such that a bidder at the sale did not know what he was buying. It was a matter of uncertainty, and pure speculation, whether he was purchasing immediate possession and immediate title, or whether he acquired no possession within a year and possibly no title at all dependent on redemption rights. The decree did not identify what was ordered sold. The question of the legal effect and of the propriety of such decree, directing the sheriff to sell property and rights unascertained, and not capable of ascertainment from the decree, does not appear to have been challenged by defendants in the record before us, and no question with respect thereto seems to be involved in this appeal.

Following this decree the special execution issued and the land was sold thereunder to plaintiff on February 8, 1936. The sheriff gave a provisional certificate of purchase, subject to the determination of the reserved issues. Later plaintiff filed a third amendment to its petition reciting the fact of the special execution sale, renewing the prayer of its second amendment, and praying further that, in the event the court holds that defendant Bates, Receiver, is entitled to redeem, that it be adjudged that said rights expire ninety days following date of the sale. It was also prayed that any lease made by the receiver appointed under the foreclosure of the second mortgage, be assigned to plaintiff, and that the sheriff be directed to issue a deed to plaintiff if the premises be not redeemed in ninety days after the sale. On May 5, 1936, the trial court entered a supplemental decree denying plaintiff the right to a sheriff's deed prior to one year from date of sheriff's sale, affirming defendants' right of possession in the meantime, and dismissing plaintiff's second and third amendments. From this supplemental decree plaintiff has taken this appeal.

In asserting that defendants had lost their statutory right of redemption plaintiff relies on section 11775 of 1935 Code. As enacted by the legislature this section appears as a part of section 4045 of the Code of 1897, which reads:

"Sec. 4045. Redemption—by debtor—appeal or stay. The debtor may redeem real property at any time within one year from the day of sale, and will, in the meantime, be entitled to the possession thereof; and for the first six months thereafter such right of redemption is exclusive; but no party who has taken an appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redeem."

Plaintiff relies on the portion of the foregoing which provides, "but no party who has taken an appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redeem." In general substance this provision has been a part of the statutory law of Iowa since the Code of 1851. In Lombard v. Gregory, 90 Iowa 682, 684, 57 N. W. 621, 622, it is said:

"The intent of the law was that a defendant who, by appeal, delayed the sale, should not be entitled to avail himself of that

delay, and also retain the right of redemption. This is an action; an appeal has once been taken therein by the defendant, and thereby his right of redemption is lost; and the fact that on the appeal the judgment was reversed, it seems to us, is entirely immaterial. This right of redemption is a statutory right, and can be enjoyed only in compliance with the provisions of the statute.''

In Dobbins v. Lusch, 53 Iowa 304, 308, 5 N. W. 205, 208, there was discussed the following facts involved in a prior action: A decree of foreclosure of a real estate mortgage had been rendered in September 1876. During the same month defendant appealed therefrom. No supersedeas bond was filed and plaintiff proceeded with special execution under which the mortgaged premises were sold to plaintiff in the following November. Defendant's appeal failed, and the decree below was affirmed on June 27, 1877, a number of months before expiration of the statutory period of redemption of one year from the date of the sale. On this state of facts it was held that the appeal had cut off defendant's statutory right of redemption and that the defendant from the date of the execution sale was but a tenant at will. With reference to the statute we are considering, the opinion states:

''The provisions of this section are so plain that there is no room for construction. The right of redemption is denied by express provision in every case where the defendant has appealed. Courts cannot, by construction, limit the application of the section to cases wherein the defendant has both appealed and stayed further proceeding, by filing a supersedeas. It might have been wise if the legislature had denied the right of redemption only in such cases, but it has not done so.''

The latter expression of the opinion was perhaps suggested by the result of the application of the statute to the facts that were before the court. For it will be noted that by reason of the appeal the defendant had in no manner acquired the advantage of a delay in the proceedings nor in the sale of the premises, nor had he extended the time of redemption, the prevention of which things is said in Lombard v. Gregory, 90 Iowa 682, 57 N. W. 621, supra, to be the purpose of the statute. On the contrary, by appealing, defendant had vested plaintiff with possession and

title at the date of the sale. Defendant derived no extension of time in any respect through the appeal, and also lost his statutory right to redeem. From Northwestern Mut. Life Ins. Co. v. Hansen, 205 Iowa 789, loc. cit. 794, 218 N. W. 502, 505, we quote:

"The right of redemption is purely a statutory proceeding, and the provisions of the statute relative thereto must be strictly complied with." From the same opinion: " 'The statute confers on the court no discretion nor power of mercy in relation thereto.' Tharp v. Kerr, 141 Iowa 26, 119 N. W. 267."

However, it is defendants' claim that none of the above cases discuss or determine the specific issue that is in the instant case. Defendants' point is that in every case in which the statute has been considered, the appeal had been from the judgment in the case, rendered on the merits, and defendants say that in none of these cases has there been considered the question whether a defendant loses his right to redeem because he appeals from an intermediate order of the trial court striking his defense from his answer, and where the Supreme Court reverses the trial court and the issues are then made up in the case so that it is then ready for trial. Defendants say that if plaintiff's contention is to be sustained, then in order to get the case to trial upon the issues on which defendant is entitled to go to trial, he must pay the penalty of losing his right to redeem. Defendants say that such could not have been the intent of the legislature, and cite Anthony v. Heiny, 215 Iowa 1347, 1352, 244 N. W. 902, 905, as supporting in principle their contention. In the cited case the plaintiff Anthony, in an action at law, had recovered a personal judgment against defendant Heiny. Subsequently plaintiff brought a suit in equity against Heiny and other defendants to set aside alleged fraudulent conveyances. As to one conveyance plaintiff prevailed in the trial court and defendants, including Heiny, appealed from the decree. Plaintiff caused to be sold at execution sale property as to which the conveyance had been set aside. Plaintiff, the purchaser at such sale, demanded and received a sheriff's deed conveying immediate title, such demand being predicated on the fact that the defendant had taken an appeal in the equity case. Defendant Heiny claimed he had the right of redemption. We determined the controversy in these words of the opinion:

"The equity case is purely auxiliary. Its function is in aid of the execution under the judgment at law. The execution was presumptively issued in the law action, in which the judgment was entered. Even if in fact it purported to be issued in the equity case, its legal effect was the same as though it had been issued in the law case. There was no appeal from that judgment. The plaintiff therefore was not entitled to a sheriff's deed without right of redemption. The statute relied on by plaintiff is a severe one and should be strictly construed. The function of the equity suit was to clear the way to the plaintiff to levy execution on the land under his judgment. In the absence of appeal from the judgment, execution sale thereunder would necessarily be subject to redemption."

In applying above quotation to the facts in the instant case defendants paraphrase the language of the court as follows: "*There was no appeal from the judgment.* The plaintiff therefore was not entitled to a sheriff's deed without right of redemption. *The statute relied on by the plaintiff is a severe one and should be strictly construed.* The function of the appeal from the intermediate order was to make up the issues and clear the way to the trial of the case on its merits." By such paraphrasing defendants emphasize that the opinion refers to *the judgment* as the thing that was not appealed from, and from this language defendants would infer that unless it is a judgment that is appealed from the statute does not have application. We cannot see that such inference is warranted, one reason being that there was nothing in the facts in the case to indicate the court had in mind, or intended to pass upon, any distinction between appeals from interlocutory orders and from final judgments. Another reason is that the expression, "There was no appeal from the judgment," appears from the context to have been intended as an equivalent of saying that there was no appeal in the law action, the judgment being on the face of the record the only thing in the law action from which any appeal would have been. Defendants also point out that in the opinion it is said that the functioning of the equity suit was to clear the way to plaintiff to levy execution on the land under his judgment. Defendants would draw a parallel between this expression and the alleged fact that the appeal by defendants in the instant case was necessary in order to determine the issues and

clear the way for the trial of the case on its merits. But we cannot see that there follows therefrom any conclusion that appeals from interlocutory orders *in the same case* in which the judgment is afterwards rendered are not within appeals contemplated by the statute under consideration. This is for the reason that a reading of the entire opinion suggests, as a more satisfactory interpretation, that what the court was pointing out was that there were two actions, one resulting in the judgment and the other a suit in equity, and that an appeal in the equity action was not an appeal in the law action and for that reason defendant had not lost in the law action his right of redemption. We are unable to find in the Anthony case sufficient of substance to sustain defendants' contention, even in the light of the statement in the opinion that this statute is a severe one and should be strictly construed.

The specific question whether the statute itself distinguishes between the effect of appeals from interlocutory orders and from final judgments seems not to have been previously considered by this court. The statute says: "but no party who has taken an appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redeem." Plaintiff's contention with respect thereto would be more unquestionable if the statute said that no party who has taken *any* appeal from the superior or district court, or stayed execution on *any* judgment, shall be entitled to redeem. The language in fact used in this statute does not have the strength of meaning that the suggested phraseology would have had because the statute says *"an appeal"* and refers to a stay of execution on *the judgment.* "An appeal" is not necessarily equivalent to "any appeal", on account of the elusiveness of the uses and meanings of the adjective "a" commonly called the indefinite article. It might even be urged that the context does not forbid the suggestion that the word "an" may have been used before the word "appeal" because the phrase could not have been euphoniously expressed without it. If such was the occasion for its use the word could have been omitted without impairment of the thought intended to be expressed, and its use gave no additional force or meaning to the sentence. State v. Martin, 60 Ark. 343, 30 S. W. 421, 423, 28 L. R. A. 153. That the word "a" has varying meanings and uses is indicated in the following quotation from the last cited case. "According to Mr. Webster, 'a' means 'one' or 'any', but

432

less 'emphatically than either'. It may mean one where only one is intended, or it may be any one of a great number. * * * Mr. Webster also says, 'It is placed before nouns of the singular number, denoting an individual object, or quality individualized.' '' The point is that the word ''an'' in this statute may have been used otherwise than as an equivalent of the word ''any''. If its use was merely for euphony then the section would be as if it read ''No party who has taken appeal from the superior or district court, or stayed execution on the judgment, shall be entitled to redcem.'' It might then be asked whether both phrases have reference to ''the judgment''. Had the statute used the words ''a judgment'' the second phrase would have been clearly disassociated from the first. But the expression being ''the judgment'', does the word ''the'' identify what was in mind in the first phrase? If not, then why the use of the definite article ''the'', and what does the word identify? The suggestion in these queries is perhaps more evident if the two phrases be read with emphatic implication given the words ''stayed execution''. So doing one might conceive that it is either appealing from the judgment or staying execution on the judgment that terminates redemption. But a perplexity arises in adopting such as the true legislative meaning, in that the second phrase would then amount to useless words, if both phrases refer to one identical thing, that is, the judgment. This follows from the fact that the first phrase by its terms would terminate the right of redemption whether there is or is not a stay of execution upon the judgment, making unnecessary the words of the second phrase. For that reason if there is a separate subject matter to which the second phrase may reasonably have reference it should be adopted as the subject matter of such phrase rather than to say that the second phrase was uselessly written. Such other or different subject matter is found in sections 11706 and 11708, 1935 Code, providing that the filing of a bond shall effect a stay of execution for a period of time fixed by the statute. These sections also provide that no appeal shall be allowed after such stay of execution. This statutory stay, entirely divorced from an appeal, affords a subject matter to which we think the second phrase has application. Consequently we cannot say that both phrases of the section have reference to the same subject matter, that is, ''the judgment''. This leaves the first phrase inclusive of appeals gener-

ally, as no interpretation of the words "an appeal" would, in itself, alter the general language found in the first phrase.

Our conclusion is that there is no warrant in this statute to say that an appeal from an interlocutory ruling of the court does not destroy the right of redemption. This is unavoidable because the legislature has expressed its purpose and intention in general and inclusive terms, without providing apparent exceptions. Perhaps it was the thought of the legislature that the public welfare is best promoted by so enacting the statute, although, assuming that the right of redemption or its equivalent should be accorded to all alike, instances of apparent injustice ensue. But under such a general statute anomalous cases are bound to arise. In the instant case the question whether and how the redemption rights of junior lienholders who have not appealed may be affected by the execution of a sheriff's deed immediately upon an execution sale, is not considered.

We hold that by reason of their appeal defendants are not entitled to redeem from the special execution sale, that defendant Bates, Receiver, is not entitled under foreclosure of the second mortgage, to rentals subsequent to the special execution sale because the mortgagor then lost right of possession, and that the sheriff should issue to plaintiff a sheriff's deed as of February 8, 1936. The receiver in the foreclosure of the second mortgage not being a party herein no finding with respect to his duties or liabilities is made.

The case is reversed and remanded for decree to be entered by the district court in accordance herewith.—Reversed and remanded.

PARSONS, C. J., and DONEGAN, ALBERT, and KINTZINGER, JJ., concur.