**STATE of Iowa, Appellee,**

v.

**Mark Anthony KIDD, Appellant.**

No. 96–630.

Supreme Court of Iowa.

April 23, 1997.

Linda Del Gallo, State Appellate Defender, and John M. Priester, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

During the execution of a search warrant, police found three sawed-off shotguns bundled together in a sleeping bag in the home of the defendant, Mark Anthony Kidd. Kidd was charged with three counts of unautho-

rized possession of an offensive weapon. Iowa Code § 724.3 (1995).[1] Kidd argued at trial the simultaneous possession of three offensive weapons constitutes only one violation of Iowa Code section 724.3. The district court rejected this argument and a jury found Kidd guilty on each charge. After Kidd's posttrial motions were denied, he filed this appeal.

Section 724.3 prohibits the knowing "possess[ion] of *an* offensive weapon." (Emphasis added.) The sole issue on appeal is whether this statute authorizes multiple prosecutions for the simultaneous possession of multiple offensive weapons. The proper meaning of a statute is a legal question. Therefore, our review is at law. *Chung v. Legacy Corp.*, 548 N.W.2d 147, 149 (Iowa 1996); *State v. Hippler*, 545 N.W.2d 568, 570 (Iowa 1996).

I. The primary goal in statutory construction is to determine and give effect to the legislature's intent. *State v. Johnson*, 528 N.W.2d 638, 640 (Iowa 1995). That intent is evidenced by the words used in the statute. *State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996). In the absence of a legislative definition of a term or a particular meaning in the law, we give words their ordinary meaning. *State v. White*, 545 N.W.2d 552, 555 (Iowa 1996). The dictionary provides a ready source for ascertaining the common and ordinary meaning of a word. *See State v. Romeo*, 542 N.W.2d 543, 548 (Iowa 1996) (referring to dictionary definition of the word "falsifies"). Where the language of a criminal statute leaves an ambiguity with respect to the unit of prosecution, courts apply the rule of lenity: in cases of ambiguity or doubt as to legislative intent, only one offense may be charged. *E.g., Bell v. United States*, 349

U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955); *United States v. Coiro*, 922 F.2d 1008, 1014 (2d Cir.1991); *People v. Haggart*, 142 Mich.App. 330, 370 N.W.2d 345, 354 (1985); *see State v. Welton*, 300 N.W.2d 157, 160 (Iowa 1981) ("penal statutes are to be interpreted strictly with doubts therein being resolved in favor of the accused").

Based on these guiding principles of statutory construction, we begin our analysis by ascertaining the meaning of the words used in section 724.3. If the statutory language is ambiguous, we must then consider application of the rule of lenity.

II. The statutory language defining the unit of prosecution under section 724.3 is "an offensive weapon." Kidd contends the word "an" is ambiguous and therefore, the rule of lenity should be applied. The State asserts the common meaning of the word "an" denotes a singular unit of prosecution for each weapon possessed. We think the State is correct.

"An" is a euphonic mutation of the article "a." Webster's Third New International Dictionary 75 (1993). The letter "n" allows an audible distinction to be made between the article "a" and the word it precedes. *Id.* Consequently, the resolution of this appeal turns on an interpretation of the article "a." "A" is defined as an article which is "used as a function word before most *singular* nouns other than proper and mass nouns when the individual in question is undetermined, unidentified, or unspecified...." *Id.* at 1 (emphasis added).[2]

Based on the ordinary meaning of the word "an," as ascertained from the dictionary, we think the statute refers to possession of a single offensive weapon. Therefore,

---

**1.** An offensive weapon includes a "short-barreled shotgun." Iowa Code § 724.1(2).

**2.** Kidd relies on our decision in *First Trust Joint Stock Land Bank v. Armstrong*, 222 Iowa 425, 269 N.W. 502 (1936), as support for his contention the word "a" is ambiguous. It is true the court states in its opinion "the word 'a' has varying meanings and uses." *First Trust*, 222 Iowa at 431, 269 N.W. at 506. The court also notes the dictionary entry for this word: "It is placed before nouns of the singular number, denoting an individual object, or quality individual-

ized." *Id.* at 432, 269 N.W. at 506. We find this case unpersuasive as support for either the defendant or the State. The court's discussion of the meaning of the word "a" occurs in a context different from that presented here. Moreover, the court's discussion itself is unenlightening because it is difficult to accurately discern the court's conclusion as to the meaning of the word, given the rambling nature of the court's analysis. In sum, we find the *First Trust* case unhelpful in analyzing the issue under consideration in the present appeal.

Kidd's possession of each sawed-off shotgun is a separate chargeable offense. Because the meaning of the statute is clear from the words used, the statute is not ambiguous and we have no occasion to consider the rule of lenity.

We note our decision is in accord with the majority of courts which have determined the appropriate unit of prosecution under statutes using the same language. *E.g., United States v. Freisinger,* 937 F.2d 383, 390 (8th Cir.1991) (holding statute prohibiting carrying "a firearm" authorized multiple prosecutions, one for each weapon carried by the defendant); *United States v. Alverson,* 666 F.2d 341, 347 (9th Cir.1982) (holding proper unit of prosecution under statute prohibiting possession of "an unregistered machine gun" was each gun possessed); *Grappin v. State,* 450 So.2d 480, 482 (Fla.1984) (holding statute which prohibits theft of "a firearm" defines unit of prosecution as a single firearm); *State v. Lindsey,* 583 So.2d 1200, 1204 (La. App.1991) (concluding statute prohibiting possession of "a firearm" authorized separate prosecutions for each weapon possessed); *State v. Nichols,* 865 S.W.2d 435, 437 (Mo. App.1993) (holding statute prohibiting carrying "a knife" defined unit of prosecution as each knife); *see City of Cedar Falls v. Flett,* 330 N.W.2d 251, 257 (Iowa 1983) (holding conviction of twenty-three ordinance violations for simultaneous possession of twenty-three junk vehicles did not violate double jeopardy clause; exact language of ordinance unclear); *cf. Bell,* 349 U.S. at 83–84, 75 S.Ct. at 622, 99 L.Ed. at 910–11 (applying rule of lenity where statute prohibited knowing transport of "any woman or girl"); *Coiro,* 922 F.2d at 1015 (applying rule of lenity to statute prohibiting interference with communication of information "by any person"; "any" is ambiguous because it signifies the plural rather than the singular); *United States v. Kinsley,* 518 F.2d 665, 670 (8th Cir.1975) (holding the singular act of possessing four firearms was only one offense under statute using the language "any firearm"); *Dake v. State,* 675 So.2d 1365, 1367 (Ala.Crim.App. 1995) (use of the word "any" in description of statutory offense prohibits multiple convictions for violation of statute); *State v. Prybil,* 211 N.W.2d 308, 312 (Iowa 1973) (the word "any" means "every" and "all," not "one"). *But see Haggart,* 370 N.W.2d at 354 (holding statute prohibiting possession of "a firearm" allowed only a single prosecution, regardless of the number of weapons possessed).

The district court did not err in submitting to the jury all three counts of unauthorized possession of an offensive weapon.

**AFFIRMED.**