WIGGINS, Justice
(dissenting).
I respectfully dissent. We should not adopt a legal standard that recognizes repeated acts in a single course of criminal conduct perpetrated against the same victim as distinct units of prosecution. Therefore, I disagree with the majority’s conclusion that a factual basis exists to support the defendant’s second willful injury charge.
The statute under examination prohibits the willful injury of another. It provides:
Any person who does an act which is not justified and which is intended to cause serious injury to another commits the following:
1. A class “C” felony, if the person causes serious injury to another.
Iowa Code § 708.4(1) (2009) (emphasis added). Because the legislature did not define what constitutes “an act” causing serious injury — be it a continuous course of conduct including repetitious or multiple acts versus a single act — the statute is ambiguous. The majority’s acrobatic feats and nod to other states for guidance evidences the lack of clarity in section 708.4(1). Thus, we must first apply our established principles of statutory construction to determine what “an act” means, and second, consider the application of the rule of lenity.
As we have repeatedly recognized,
The goal of statutory construction is to determine legislative intent. We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge or otherwise change the meaning of a statute.
Auen v. Alcoholic Beverages Div., 679 N.W.2d 586, 590 (Iowa 2004) (citations omitted). We derive legislative intent not just from the language of the statute, but also from its “ ‘subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of the various interpretations.’ ” Postell v. Am. Family Mut. Ins. Co., 823 N.W.2d 35, 49 (Iowa 2012) (citations omitted). A statute may be ambiguous in one of two ways: “ ‘(1) from the meaning of particular words; or (2) from the general scope and meaning of a statute when all its provisions are examined.’ ” State v. Wiederien, 709 N.W.2d 538, 541 (Iowa 2006) (quoting Holiday Inns Franchising, Inc. v. Branstad, 537 N.W.2d 724, 728 (Iowa 1995)). Section 708.4(1) is ambiguous because of the unclear meaning of the particular words, “an act.”
The legislature expressly used the article, “an,” when referring to the requisite act or acts causing serious injury. “A” is admittedly singular. State v. Kidd, 562 N.W.2d 764, 765 (Iowa 1997). Because “an” is a variant of the article “a,” it can also be construed as singular and not collective. Id. at 765-66 (finding the statute referring to possession of “an offensive weapon” created three separate chargeable offenses, not one all-inclusive charge, because the defendant possessed three sawed-off shotguns). What the court failed to consider in Kidd, however, is a fundamental principle of statutory construction memorialized in the Code itself: “Unless otherwise specifically provided by *587 law the singular includes the plural, and the plural includes the singular.” Iowa Code § 4.1(17). We have previously applied this rule when construing criminal statutes. See State v. Prybil, 211 N.W.2d 308, 312 (Iowa 1973) (holding the statute governing the offense of receiving corrupt influence makes it equally illegal for a public officer to enter a series of wrongful transactions as to accept a single gratuity, based on the statutory language referring to “any gift, commission, discount, bonus, or gratuity”). Thus, because under this rule “an” is not definitively singular or plural, looking to the language of the statute does not resolve the ambiguity inherent in section 708.4(1) regarding the proper unit of prosecution.
Adding to the confusion is the inconsistency in the language of the criminal code. Other criminal provisions expressly refer to “a series of acts” or “serious injury” caused “in the course” of the crime as the unit of prosecution. See, e.g., Iowa Code § 709.2 (“A person commits sexual abuse in the first degree when in the course of committing sexual abuse the person causes another serious injury.” (Emphasis added.)); State v. Carter, 602 N.W.2d 818, 822 (Iowa 1999) (recognizing that the defendant’s act of slitting the victim’s throat was part of a continuous series of acts involving sexual abuse, which fell into the statute’s reference to “in the course of’). Thus, if the legislature intended a single act or a series of acts to constitute a unit of prosecution for willful injury, then it certainly had the wherewithal to do so when drafting section 708.4(1). More complicating is the fact that our court has construed certain criminal statutes without express reference to a “series of acts” or a “course of conduct” to include a series of acts as a single unit of prosecution. Compare State v. Amsden, 300 N.W.2d 882, 887 (Iowa 1981) (finding the jury should have been instructed on the joinder of a series of acts in a theft case when the prosecution charged the defendant with one count of first-degree theft based on five separate acts, even though Iowa Code section 714.2 refers only to the “theft of property”), with State v. Melia, 231 Iowa 332, 339, 1 N.W.2d 230, 233 (1941) (holding the defendant’s act of firing five shots very close together where two deaths resulted constituted not a single act but a series of acts).
When criminal statutes are ambiguous, we consider applying the rule of lenity. Kidd, 562 N.W.2d at 765. Under the rule of lenity, we strictly construe criminal statutes and resolve doubts in favor of the accused. State v. Lindell, 828 N.W.2d 1, 12 (Iowa 2013); State v. Hearn, 797 N.W.2d 577, 585 (Iowa 2011). The rule of lenity only applies when the statute is ambiguous “regarding the application of a statute to a given set of facts after examination of the text, the context of the statute, and the evident statutory purpose as reflected in the express statutory language.” Hearn, 797 N.W.2d at 587. We have specifically recognized that “[w]here the language of a criminal statute leaves an ambiguity with respect to the unit of prosecution, courts apply the rule of lenity: in cases of ambiguity or doubt as to legislative intent, only one offense may be charged.” Kidd, 562 N.W.2d at 765 (emphasis added).
This is a case where we should apply the rule of lenity because the legislative purpose for the statute is not clear, there is a risk of arbitrary criminal enforcement, and a potential for violating the separation of powers doctrine by extending criminal liability beyond that which the legislature contemplated. Hearn, 797 N.W.2d at 586-87. The potential for ambiguous enforcement in light of the majority’s position affects crimes committed by affirmative acts. Every bill taken from a gas station’s cash register could give rise to an individu *588 al charge of theft. Every threat of violence spoken in a conversation paves the way for a slew of assault charges. Each footstep on another’s land could constitute an independent incident of trespass.
The implications of the majority’s approach are equally disproportional regarding crimes of omissions or negative acts. See Iowa Code § 702.2 (recognizing “[t]he term ‘act’ includes a failure to do any act which the law requires one to perform”). For example, every minute, every hour, or every day an individual neglects to register as a sexual offender could constitute individual violations. Iowa Code § 692A.104 (2013) (requiring registration); id. § 692A.111 (noting the failure to register).
To follow such an approach convolutes our criminal statutes, which already include penalty enhancements for crimes involving multiple or repetitious acts in a single episode or course of conduct. See, e.g., Iowa Code § 714.3A(1) (2009) (defining aggravated theft). Moreover, the majority does not clarify the law, but instead, adds to the controversy by failing to adopt one test to identify the applicable unit of prosecution. The majority cites the completed acts test and the break in action test, without expressly delineating which one Iowa courts must apply.
Courts should not throw the book at defendants by convicting on voluminous and stacked charges arising from a single course of criminal conduct against one victim. Accordingly, we should not define the unit of prosecution blow-by-blow, bone-break-by-bone-break, or bruise-by-bruise because such an approach is unfair to defendants. Although the conduct of the defendants here and the pain inflicted upon the victim is beyond reprehensible, all defendants are entitled to due process. For these reasons, I would reverse the district court decision finding sufficient factual basis for the second charge of willful injury.
APPEL, J., joins this dissent.