# IN THE COURT OF APPEALS OF IOWA

No. 16-1848
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LANE MICHAEL HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

        Lane Michael Hall appeals the district court's sentence claiming the court erred in not granting him a new presentence investigation. **AFFIRMED.**

        Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, PLC, Washington, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Lane Michael Hall pled guilty to escape and was sentenced to a five-year prison sentence to run consecutive to the sentence Hall was already serving. On appeal, Hall claims the district court abused its discretion in denying his request for a new presentence investigation (PSI) and incorrectly relied on portions of the PSI report to which Hall objected. Because we find no abuse of discretion, we affirm.

**I. Background Facts and Proceedings.**

On May 5, 2016, Hall was placed at the Burlington Residential Facility as a condition of his probation for a felony conviction. On May 6, Hall ran from the facility. He was found and arrested on June 13. On July 1, Hall's probation was revoked. While he was serving a prison sentence from the other convictions, Hall pled guilty to escape on August 12. At the plea hearing, Hall asked the court to sentence him that day using his March PSI report. The court preferred to order a new PSI, stating, "[T]hey might have different things to look at now. . . . [A]nd I think that would be beneficial to you. It would also be beneficial to the court. It will give more information to the court at the time of sentencing." After hearing these statements from the court and being informed where he was likely to be incarcerated pending sentencing, Hall responded, "All right."

Hall's sentencing hearing was held on October 17, 2016. At sentencing, Hall's attorney made three objections to the PSI report. Specifically, defense counsel objected to the notation of a charge for second-degree criminal mischief rather than third-degree criminal mischief. He also noted he was pursuing his GED and objected to the characterization he was in the "moderate category for

future violence and moderately high category for future victimization," arguing the characterization infringed upon the presumption of innocence.[1] The district court stated it would consider the portions of the PSI report not objected to, took into account Hall was working toward his GED, and gave no weight to the future violence and victimization assessment. The court noted the conviction of the criminal mischief but specifically noted it was in the third degree. The court also observed Hall had been given suspended sentences on other convictions in which probation had been revoked and this charge stemmed from him escaping from a residential facility. The court also noted that while Hall had good family support, he had not made any progress on the payment of fines and had abandoned efforts of rehabilitation when he fled from the residential facility.

When the court asked Hall if he knew of "any reason not to proceed with sentencing today," Hall responded, "I'd like a new PSI." Upon further inquiry with defense counsel about other objections Hall may have had, defense counsel explained Hall had objections "to characterizations contained in the attachment from the Lee County Jail," but defense counsel viewed the matters in the attachment as "relatively minor."

Hall asked for a suspended sentence due to his young age, community ties, and having completed drug treatment. The court sentenced Hall to a prison term not to exceed five years. As the court recited reasons for the sentence, it noted the PSI report stated Hall's main source of income prior to his arrest was drugs. Hall interrupted and stated, "Your Honor, I'd like to state that that is

---

[1] Later in the sentencing hearing, Hall objected to a statement in the PSI report that he had reported his main source of income prior to his arrest was "drugs." The court noted the objection.

information from my old PSI. That was not updated information for the new one. He did not ask me that." The court noted the objection.

Hall appeals.

## II. Scope and Standard of Review.

Review of the sentence imposed in a criminal case is for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

## III. Discussion.

Hall asserts the court erred in denying his request for a new PSI and in relying on objectionable statements in the PSI report.

"The primary function of the [PSI] report is to provide pertinent information to aid the district court in sentencing a defendant." *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). Iowa Code section 901.2 requires a court order "a" presentence investigation. The use of the article "a" shows the legislative intent that only one presentence investigation be prepared. *See State v. Kidd*, 562 N.W.2d 764, 765 (Iowa 1997) (noting "a" denotes a singular noun). Hall provides no authority for his claim that it was error for the court to deny his request for a new PSI. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). Although we have no doubt a court could order a new PSI, such an order should only be entered if the errors were so material and substantial that the PSI was unreliable. Here, at the sentencing hearing, Hall's counsel stated a new PSI was not required because the objections were minimal.

Hall also contends the court erred in relying upon the objected to portions of the PSI report. A district court may consider any portion of a PSI report that is not challenged by the defendant. *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). In sentencing Hall, the court stated, "I have considered the portions of the presentence investigation report that you do not challenge." The record establishes the court did not consider the misstated degree of the criminal-mischief conviction, the risk-assessment tool, or the misstatement regarding his education status. The objection to the PSI report regarding his past source of income was untimely and does not merit reversal simply because the information was derived from a prior PSI.[2] Finding no error, we affirm.

**AFFIRMED.**

---

[2] We also note, the "prior PSI" is the PSI report that Hall initially asked the court to rely upon when he asked to be sentenced immediately.