## THE STATE v. LOVELL.

1. Criminal law: RESISTING AN OFFICER. It is not a punishable offense under section 4296 of the Revision, to resist a peace officer while attempting to make an arrest *without a warrant*. Said section is construed to apply to those cases only, where the officer is acting under process.

2. Criminal statutes: CONSTRUCTION. Criminal statutes are inelastic, and cannot be made to embrace cases plainly without the letter, though within the reason and policy, of the law.

*Appeal from Cedar District Court.*

FRIDAY, DECEMBER 6.

CRIMINAL LAW: SECTION 4296 NOT APPLICABLE TO OFFICERS WITHOUT A WARRANT. — Indictment founded upon section 4296 of the Revision. Demurrer thereto sustained. The State appeals.

*Henry O'Connor*, Attorney-General, for the State.

*Fairall & Boal* for the defendant.

DILLON, J. — The section above referred to (§ 4296) provides that "If any person knowingly and willfully resist or oppose any officer of this State, or any person authorized by law, in serving or attempting to execute any legal writ, rule, order, or process whatever, he shall be punished," etc. The defendant was indicted for resisting a peace officer who was

attempting to arrest, *without any warrant, writ or process of any kind*, a person who was breaking the public peace. The law (§ 4548) authorizes a peace officer, without a warrant, to make an arrest in such a case; and it ought to contain a provision making penal any resistance to, or interference with him in the execution of this duty. But the section above quoted (4296) does not embrace such a case. It is probably a *casus omissus* which the legislature may, but the courts cannot, supply.

Criminal statutes are, to adopt a word very happily used by Mr. Bishop, *inelastic*, and cannot by construction be made to embrace cases plainly without the letter though within the reason and policy of the law. The words " serving," " execute," " legal writ," " rule," " order," and " process," are all words which have in the law, a well defined meaning, and which cannot be predicated of an officer or a person who is acting without a warrant, writ or other process.

2. CRIMINAL STATUTES: construction.

We cannot concur in the ingenious suggestion of the attorney-general, that an officer thus acting is, under section 4548, executing a legal *order* within the meaning of section 4296. There is an important principle involved here, viz., the inadmissibility of *constructive* offenses. To make the law, by construction, what the State asks, might be well enough in this case, but bad in the next one, when the application of a similar principle (for causes must be decided by some rule, or all is afloat) might undermine the liberty or invade the rights of the citizen. It were better to stand by the law as it is written. The administration of criminal jurisprudence by the common law courts is, indeed, badly blemished by over-technical niceties, but these have been generally *in favorem vitæ*; for, rather than against, the prisoner.

But the faults of the common law tribunals in this regard, are more than redeemed by their stern determi-

nation not to admit or create constructive crimes. This is among their noblest monuments. In this respect we may point with just pride to the almost constant action of the English and American courts.

How striking the contrast between the course of these courts and their administration of the criminal law, and what is observed in other countries not less enlightened.

How it is, or at least has been, in France, is vividly illustrated by the exclamation of the French advocate, who declared that he would fly if accused of stealing the steeples of *Notre Dame*. See 3 Benth. Jud. Ev. 175. A full length picture, though perhaps somewhat colored, is memorably drawn in *Les Miserables*. We have adverted to these considerations, the more fully to exhibit the reason why we are not disposed to stretch the statute so, as to cover the case made by the indictment, however deserving of punishment it may be.

Affirmed.