# IN THE SUPREME COURT OF IOWA

No. 06 / 05-2028

Filed February 23, 2007

**STATE OF IOWA**,

Appellant,

vs.

**RANDALL FREDRICK MUHLENBRUCH**,

Appellee.

---

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

The State appeals the ruling of the district court holding that a criminal defendant may be charged under Iowa Code section 728.12(3) with only one offense for possession of a computer that contains multiple pornographic images. **AFFIRMED.**

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Jennifer Miller, County Attorney, and Michael Salvner, Assistant County Attorney, for appellant.

Barry S. Kaplan and Melissa A. Nine of Kaplan & Frese, LLP, Marshalltown, for appellee.

**APPEL, Justice.**

In this appeal, we must decide if Iowa Code section 728.12(3) (2003) creates a single criminal offense for possession of a computer that contains pornographic depictions of minors, regardless of the number of images, or whether the statute establishes a separate offense for each pornographic image stored in or accessible on a single computer. We join the appellate courts in Kansas and Arizona in holding that, under a statute that prohibits possession of a computer or other medium that depicts pornographic images, only one offense arises from possession of one computer or medium, regardless of the number of images stored on the system.

## I.     Background Facts and Proceedings.

In this case, defendant Randall Muhlenbruch possessed a computer containing pornographic images of minors. The images were discovered by the defendant's wife, who asked a friend to copy the images onto a computer disk and turn them over to the police for investigation. A subsequent examination of the defendant's computer led to the recovery of 348 pornographic images of sexual activity by minors.

The State charged Muhlenbruch with ten counts of sexual exploitation of a minor under Iowa Code section 728.12(3). Iowa Code section 728.12(3) states:

> It shall be unlawful to knowingly purchase or possess a negative, slide, book, magazine, computer, computer disk, or other print or visual medium, or an electronic . . . storage system . . . which depicts a minor . . . engaging in a prohibited sexual act or the simulation of a prohibited sexual act.

The information filed by the State reveals that each count was based on the downloading of prohibited sexual images onto his computer on different days. The images also involved different minors.

Muhlenbruch filed a motion to adjudicate law points, arguing that because he possessed only one computer containing depictions of prohibited sexual acts, he could be charged with only one count under section 728.12(3). The district court, in a thorough opinion, granted the motion. The district court noted that "the plain reading of the Iowa statute under which Defendant is charged fails to criminalize each image of child pornography on a computer or computer disk."

The State appeals, contending that the district court erred in concluding that Muhlenbruch could be charged under Iowa Code section 728.12(3) with only one offense for possession of a computer where the computer contained multiple pornographic images.

## II.     Standard of Review.

This court reviews a trial court's ruling on a motion to adjudicate law points for correction of legal error. *State v. Iowa Dist. Ct.,* 616 N.W.2d 575, 577-78 (Iowa 2000). The appropriateness of the district court's action turns on the correctness of its interpretation of the relevant statutes, which are reviewable for correction of errors at law as well. *Id.*

## III.     Discussion.

Over one hundred years ago, this court stated:

> Criminal statutes are . . . inelastic, and cannot by construction be made to embrace cases plainly without the letter though within the reason and policy of the law.

*State v. Lovell,* 23 Iowa 304, 304 (1867). This century old principle controls the outcome in this case.

Iowa Code section 728.12(3) prohibits the "possession" of a "computer" or "other print or visual medium" that depicts a minor engaged in prohibited sexual acts. The statute plainly does not define the crime as possession of a pornographic image involving a minor. It defines the crime

as possession of a "computer" or "other print or visual medium" that contains such an image.

It is undisputed that Muhlenbruch possessed only one computer and, as a result, it would seem to follow that he could be charged only with one crime. The State seeks to avoid this result by asserting that the phrase "other print or visual medium" should be expansively defined to include individual pornographic images. Iowa Code section 728.12(3) does not define the term "medium." In the absence of a legislative definition, words in a statute are given their ordinary meaning. *State v. White,* 545 N.W.2d 552, 555 (Iowa 1996). A medium is ordinarily the instrumentality of expression rather than the expression itself. *Webster's Third International Dictionary* 1403 (unabr. ed. 2002). In the field of computer science, a medium is an "object or device . . . on which data is stored." *The American Heritage Dictionary of the English Language* (4th ed. 2000). Using these ordinary definitions, it is the possession of the computer or other instrumentality that contains certain images, and not the possession of each individual pornographic image, that defines the crime.

The State, however, cites *State v. Kidd,* 562 N.W.2d 764 (Iowa 1997), in support of its position. In *Kidd,* the defendant possessed three sawed-off shotguns that were bundled together in a sleeping bag. The State charged the defendant with three separate crimes under Iowa Code section 724.3, a statute which prohibited knowing "possess[ion] of an offensive weapon." On appeal we upheld the multiple convictions. Among other things, this court noted that "an" connotes a singular item in contrast to the word "any," which may be plural. *Id.* at 765-66.

When read in context, *Kidd* supports the view that Muhlenbruch may be charged only with one crime for possession of one computer containing pornographic materials. In *Kidd,* the unit of prosecution was "possess[ion]

of an offensive weapon." Here, the unit of prosecution is "possess[ion] . . . of a computer . . . or other visual or print medium." If Muhlenbruch had three computers, bundled together, which each contained pornographic material, he could have been charged with three separate criminal offenses, as was the defendant in *Kidd*. In this case, however, it is undisputed that Muhlenbruch possessed only one computer.

We note that other appellate courts have reached the same result in interpreting similar statutes that prohibit possession of computers or other visual mediums. For instance, the Kansas Court of Appeals has held that under a Kansas statute that prohibited "possessing" of "other printed or visual medium" in which a visual depiction of a child engaging in sexually explicit conduct is shown or heard, a criminal defendant may be charged with only one offense for possession of each medium, regardless of the number of images contained. *State v. Donham*, 24 P.3d 750, 755 (Kan. Ct. App. 2001). In so holding, the Kansas court noted that "[i]f the legislature had intended to criminalize possession of each sexually explicit image of a child contained on a floppy disk, the legislature would have included language such as *possession of any image* stored or retrieved from a floppy disk as a means of violating the statute." *Id.* (emphasis added).

Similarly, an Arizona appellate court has held that a defendant possessing a single roll of film with multiple pornographic images may only be charged with one offense under a statute that prohibited "possessing . . . any visual or print medium in which minors are engaged in sexual conduct." *State v. Valdez*, 894 P.2d 708, 711-13 (Ariz. Ct. App. 1994). Among other things, the Arizona court contrasted the state law provision with 18 U.S.C. §§ 2251 and 2252, which Congress amended in 1984 to delete references to "visual or print medium" and substitute the phrase "visual depiction." *Id.* at 713 n.4.

The State cites a number of cases from other jurisdictions in support of its position. These cases, however, are plainly distinguishable. For example, the Wisconsin Court of Appeals upheld a defendant's conviction on twenty-eight counts of possession of child pornography based on images found on two computer disks where the statute prohibited possession of a "pictorial representation." *State v. Mutaler*, 632 N.W.2d 89, 94 (Wis. Ct. App. 2001). The Minnesota Court of Appeals has also found that a statute prohibiting possession of, among other things, "a pornographic work" supported multiple convictions for possession of illicit images in a single medium. *State v. Bertsch*, 689 N.W.2d 276, 280-81 (Minn. Ct. App. 2004), *aff'd in part, rev'd in part on other grounds*, 707 N.W.2d 660 (Minn. 2006). The Iowa statute, however, does not prohibit possession of a "pictorial representation" or "a pornographic work," but only possession of a computer or other visual medium that contains a pornographic image.

While we find that the meaning of the statutory language is clear, even if the State could convince us that the statute is ambiguous as suggested at oral argument, it would not change the result in this case. Like nearly all state supreme courts, this court has repeatedly held that penal statutes are to be interpreted strictly with doubts therein resolved in favor of the accused. *State v. Welton*, 300 N.W.2d 157, 160 (Iowa 1981); *State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978); *State v. Conley*, 222 N.W.2d 501, 502 (Iowa 1974). Sometimes referred to as the rule of lenity, this court has recognized that strict construction of criminal statutes should be applied in cases where there is doubt regarding the allowable unit of prosecution. *Kidd*, 562 N.W.2d at 765. As a result, even if Iowa Code section 728.12(3) were ambiguous on the question of the allowable unit of prosecution, our settled law requires that any doubt be resolved in favor of Muhlenbruch.

The State zealously asserts policy reasons for multi-count criminal liability under the facts of this case. For example, the State notes that each child photographed in a sexually explicit manner is a victim and that Muhlenbruch should be punished accordingly. Our task, however, is to enforce the statute as written. Any recasting of the scope of criminal liability under Iowa Code section 728.12(3) is the province of the legislature, not this court. *Lovell,* 23 Iowa at 304.

Muhlenbruch also asserts that multiple prosecutions under Iowa Code section 728.12(3) for possession of a single computer violates the Double Jeopardy and Cruel and Unusual Punishment Clauses of the United States Constitution. The record reveals that the motion to adjudicate law points was based solely on "the wording of the statute" and, as a result, the constitutional issues have not been preserved. *Meier v. Senecaut,* 641 N.W.2d 532, 537-38 (Iowa 2002). In any event, our resolution of the case eliminates the need to address them.

## IV. CONCLUSION.

The district court correctly concluded that under the facts presented Muhlenbruch could be charged with only one offense under Iowa Code section 728.12(3).

**AFFIRMED.**