**STATE of Iowa, Plaintiff–Appellee,**

v.

**Daniel Joseph SCHOOLEY, Defendant–Appellant.**

No. 10–1185.

Court of Appeals of Iowa.

July 27, 2011.

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Rose Anne Mefford, County Attorney, and Misty White, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., VAITHESWARAN, J., and HUITINK, S.J.*

VOGEL, P.J.

Daniel Schooley appeals his conviction and sentence for sexual exploitation of a minor in violation of Iowa Code section 728.12(3) (2009). Schooley asserts the district court erred in overruling his motion for judgment of acquittal, as the State failed to prove that he knowingly possessed child pornography.[1]

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2011).

1. Schooley also argues in the alternative, that should we find error was not properly pre-

## I. Background Facts and Proceedings

D.S., then age nine, stayed with her father, Daniel Schooley, every other week. Schooley's computer was located in the basement of his house, near the bathroom where D.S. typically showered. D.S. testified that "four or five times" after she showered and dressed, she walked by Schooley's computer, and "saw a girl around my age that he was looking at, and she was naked." She testified that she observed four different girls, one with red hair, one blonde, and two with brown hair, each in a separate picture. She thought that she saw these photos between August and December 2009.

D.S. was uncomfortable with what she observed and informed both her mother and her school guidance counselor; the police were then contacted. After speaking with D.S., Oskaloosa police officer, Lieutenant Troy Boston obtained a warrant to search Schooley's computer. After seizing Schooley's computer, it was turned over to Des Moines Police officer Brent Curtis, who was a part of the Iowa Internet Crimes Against Children's task force. Officer Curtis performed a forensic examination of Schooley's computer, and found thousands of pornographic images of adult women, and four images of naked young girls.

Schooley was charged with sexual exploitation of a minor in violation of Iowa Code section 728.12(3). Following the close of the State's evidence, Schooley moved for a judgment of acquittal, which the district court denied.[2] The jury found him guilty as charged, and he was sentenced to an indeterminate term of confinement not to exceed two years with a special ten-year sentence pursuant to section 903B.2. Schooley appeals the court's denial of his motion for judgment of acquittal.

## II. Standard of Review

"We uphold the denial of a motion for judgment of acquittal if there is any substantial evidence in the record supporting the charges." *State v. Boleyn,* 547 N.W.2d 202, 204 (Iowa 1996). Substantial evidence is evidence which would convince a rational trier of fact the defendant is guilty of the crimes charged beyond a reasonable doubt. *Id.* "If there is any substantial evidence in the record to support the charge, the district court's refusal to grant a motion for judgment of acquittal will withstand challenge." *State v. Weaver,* 405 N.W.2d 852, 853 (Iowa 1987).

In determining the correctness of a ruling on a motion for judgment of acquittal, we do not resolve conflicts in the evidence, pass upon the credibility of witnesses, or weigh the evidence; such matters are for the jury. *State v. Hutchison,* 721 N.W.2d 776, 780 (Iowa 2006). Instead, we ascertain whether the evidence could convince a rational jury of the defendant's guilt beyond a reasonable doubt. *Id.*

## III. Motion of Judgment of Acquittal

■ Schooley challenges the sufficiency of the evidence supporting the district court's denial of his motion of judgment of

---

served on his sufficiency of the evidence claim, that counsel be found ineffective. The State concedes that error was adequately preserved, and thus we do not need to address this alternative argument.

2. Following the jury's verdict, Schooley filed a combined motion in arrest of judgment and motion for a new trial raising issues related to the issue on appeal, that is, asserting there was insufficient evidence to support the verdict. The denial of those motions was not included in this appeal.

acquittal.[3] He asserts the State failed to prove he knowingly possessed pornographic images of a child on his computer.

Iowa Code section 728.12(3) provides,

It shall be unlawful to knowingly purchase or possess a negative, slide, book, magazine, computer, computer disk, or other print or visual medium, or an electronic, magnetic, or optical storage system, or any other type of storage system which depicts a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act.

This crime is not defined as possession of a pornographic image of a child, but is the knowing "possession of a computer' or other print or visual medium' that contains such an image." *State v. Muhlenbruch,* 728 N.W.2d 212, 214 (Iowa 2007).

■ Schooley contends there was insufficient evidence to establish that he "knowingly possessed" the four pictures in question. He asks that we apply the standard of "constructive possession" as articulated in drug possession cases. *See, e.g., State v. Cashen,* 666 N.W.2d 566, 571 (Iowa 2003) "[C]onstructive possession is 'knowledge of the presence of the controlled substances on the premises and the ability to maintain control over them.'" (*quoting State v. Webb,* 648 N.W.2d 72, 81 (Iowa 2002)). However, it is sufficient under the plain language of the statute to simply prove that Schooley possessed a computer containing the pornographic images. *Muhlenbruch,* 728 N.W.2d at 214. While this standard could trap an innocent person, in so much as another person could download prohibited material without the owner's knowledge, this was clearly not the case here. The evidence supports that Schooley knew the child pornography was on his computer hard drive. We decline to apply the standard of constructive possession as Schooley suggests.

Although Officer Curtis acknowledged that it was possible for a person to accidentally access a pornographic website, including one with images of underage girls, he further testified that such photos would only be stored in "temporary internet files." The four photos in question were not found in temporary files but rather had been downloaded onto Schooley's computer's hard drive. Further evidence that Schooley knew the unlawful images were on his computer was his admission to Officer Boston that he had searched for images using the words "teens and Lolita." [4]

From the evidence presented, the jury could have found the following facts: four child pornography files were downloaded to Schooley's computer; they were not stored in temporary files, nor were they accidentally saved to the hard drive. The four files were created within approximately one minute of each other on September 12, 2009, one at 8:11 a.m., and three at 8:12 a.m., and all four were last accessed at 2:03 a.m., December 25, 2009. Although both Schooley's brother and sister had access to the computer, there is no evidence either ever used Schooley's computer.

In denying the motion of judgment of acquittal, the district court found,

Considering the evidence in the light most favorable to the State, which is the legal standard at this juncture, I do find

---

**3.** Iowa Rule of Criminal Procedure 2.19(8)(*a*) provides, "The court ... shall order the entry of judgment of acquittal of [the] offense[] charged in the indictment after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense...."

**4.** Officer Boston testified that "Lolita basically is for the most part underage pornography."

sufficient evidence to send this case to the jury.

I certainly understand your argument, Mr. Stream. However, I've also heard the testimony of the child indicating that she observed the defendant viewing what she believed to be nude minors, and so I think there is sufficient evidence for the jury to make a determination. So I'm denying the motion for judgment of acquittal, and that completes the record for today.

Notably, D.S. gave a clear account of the multiple times she witnessed her father viewing pornographic images of young girls. She denied that her father was "flipping" by the images, but rather "[i]t was solid there." She later stated that he was "staring at the computer, and it looked like as if he was reading." We agree with the district court that there was substantial evidentiary support Schooley knowingly possessed a computer which contained child pornography, such that the district court did not err in denying Schooley's motion of judgment of acquittal. Iowa Code § 728.12(3) ("It shall be unlawful to knowingly purchase or possess a . . . computer . . . which depicts a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act.").

**AFFIRMED.**