HECHT, Justice
(concurring in part and dissenting in part).
My colleagues conclude in the majority opinion that a school employee may be convicted under Iowa Code section 709.15(3) for conduct directed at a student enrolled in a school with which the defendant has no current employment relationship. As I do not believe the statute can properly be read so broadly, I respectfully dissent in part.
Suppose a twenty-three-year-old person employed as a school teacher in the State of California visited Iowa during the first week of June. During his week’s vacation in Iowa, the teacher was observed kissing an eighteen-year-old girl who had graduated from an Iowa high school less than thirty days before the embrace. Assume this conduct offended the girl’s parents, and the teacher is charged, with sexual exploitation of a student. Under the majority’s interpretation of the statute, the teacher could be convicted of the crime. The conviction would be affirmed under the majority’s view because kissing is among the types of conduct prohibited by the statute. See Iowa Code § 709.15(3)(6) (2009) (defining sexual conduct to include kissing). The defendant in this hypothetical scenario would fall within the definition of “school employee” under section 709.15(l)(f) (including a teacher “who provides educational assistance to students,” albeit in California, not Iowa). The recently-graduated girl would fall within the definition of “student” under section 709.15(l)fy) (including a student who attended a secondary school within thirty days of any violation). Indeed, under the majority’s interpretation of the statute, a conviction of the teacher would apparently be sustained even if the girl did not know the defendant was employed as a teacher in California and the defendant did not know the girl was a recent high school graduate because the offense is based entirely on the status of the teacher and the girl. Simply put, my colleagues in the majority view the crime of sexual exploitation under section 709.15(3) broadly, requiring no proof a school employee-student education-based relationship existed at the time of the exploitation.[8] For several reasons, I believe the legislature did not intend the statute to cut such a wide swath.
A statute is ambiguous if reasonable people could disagree as to its meaning. IBP, Inc. v. Harker, 633 N.W.2d 322, 325 (Iowa 2001). “Even ... a statute ap *185 pear[ing] unambiguous on its ... face can be rendered ambiguous by its interaction with and its relation to other statutes.” 2A Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 46.4, at 185 (7th ed.2007). “Ambiguity may arise from specific language in a statute or when the provision at issue is considered in the context of the entire statute or related statutes.” Midwest Auto. III, LLC v. Iowa Dep’t of Transp., 646 N.W.2d 417, 425 (Iowa 2002); accord State v. McCullah, 787 N.W.2d 90, 94 (Iowa 2010) (“Ambiguity arises in two ways — either from the meaning of specific words or ‘from the general scope and meaning of the statute when all of its provisions are examined.’ ”) (quoting Carolan v. Hill, 553 N.W.2d 882, 887 (Iowa 1996)).
I believe reasonable people reading section 709.15(3) in context with the other parts of the statute and related statutes could disagree whether the general assembly intended a conviction of the crime of sexual exploitation by a school employee must be supported by proof that the defendant exploited an actual or perceived relationship of power, authority, or influence over a student enrolled in the school employing the defendant. It is significant in my view that when the statute was enacted, see 2003 Iowa Acts ch. 180, § 65, the general assembly joined it in section 709.15 with a previously enacted prohibition of sexual exploitation by a mental health therapist or counselor, see 1991 Iowa Acts ch. 130, § 2 (codified as amended at Iowa Code § 709.15).
As the majority has correctly noted, the offense of sexual exploitation by a mental health provider enacted by the general assembly in 1991 requires proof of the exploitation of a relationship between an emotionally dependent patient or client (or former such patient or client) and a provider. Iowa Code § 709.15(2)(6)-(e). The evil targeted by those provisions of the statute is exploitation of relationships between professional providers of mental health services and their patients and former patients. The primary purpose of the statute is protection of patients who, because of their mental health and other circumstances, are especially vulnerable to sexual abuse perpetrated by mental health providers in whom they place immense trust and implicit confidence. The trust and confidence conferred by emotionally vulnerable patients to providers contributes substantially to an immense imbalance of power and control in the provider-patient relationship. It is the nature of the relationship between a provider and a patient that is essential to a positive therapeutic outcome and also to the commission of a criminal violation of section 709.15(2)(&) and (c). If the State fails to prove a professional relationship between the defendant-provider and his patient or client, or former patient or client, no criminal violation can result from the varieties of sexual conduct enumerated in section 709.15.
I of course concede the general assembly did not expressly prescribe that conviction of a school employee under section 709.15(3) requires proof of an education-based relationship between the defendant and the student with whom the sexual conduct has occurred. Yet, a reasonable person could conclude from the context of the statute, as I do, that the general assembly intended the 2003 amendment of section 709.15 as a supplement to the list of relationships requiring protection from sexual exploitation. Students in elementary and secondary schools are especially vulnerable to sexual exploitation because of the actual or perceived power, influence, and control of school employees with whom they are regularly in contact. But for the education-based relationship— *186 whether direct or indirect — between a school employee and a student within a school, the power imbalance favoring the school employee and enabling the exploitation does not exist. Put another way, any vulnerability of a student in one school to sexual conduct of an employee of another school does not arise from a relationship attended or enhanced by a power imbalance based on the school employee’s status as a provider of “education assistance” to the student. See Iowa Code § 272.1(7) (supplying definition of “school employee” as a “practitioner” who “provides educational assistance to students”). In the absence of a school employee-student education-based relationship, any sexual misconduct perpetrated by a school employee is properly prosecuted under other criminal statutes,[9] but it is not in my view covered by section 709.15(3)(¾).
My conclusion that the statute is ambiguous as to whether the general assembly intended in section 709.15(3) to criminalize only sexual conduct exploiting an education-based relationship is not based solely on the general assembly’s placement of the criminal statute in a section targeting sexual exploitation of persons whose vulnerability is enhanced by their relationships with other types of professionals. When the general assembly enacted section 709.15(3) it established a limitation period of ten years for the filing of an indictment or information for the offense. Iowa Code § 802.2A(2) (stating information or indictment for sexual exploitation by school employee must be found within ten years of date victim was enrolled in or attended “the school” (emphasis added)). The legislation also recognized a civil claim in favor of the sexually exploited student against the exploiting school employee, prescribing that it must be brought “within five years of the date the victim was last enrolled in or attended the school.” Id. § 614.1(12) (emphasis added). A reasonable person could view the general assembly’s choice of “the” school instead of “a” school in these statutes of limitation as a further indication that the general assembly conceived the crime and the related tort of sexual exploitation by a school employee would be based on an employee’s exploitation of a student enrolled in the school employing the defendant.
Having concluded section 709.15(3) is ambiguous when read in context and together with other related statutes, I would here apply the principle that provisions establishing the scope of criminal liability are to be strictly construed with doubts resolved therein in favor of the accused. State v. Muhlenbruch, 728 N.W.2d 212, 216 (Iowa 2007). I acknowledge that we decline invitations to narrow a broad legislative formulation by implying or constructing limitations not present in a statute when such narrowing would undercut the statute’s obvious public purpose. See State v. Hearn, 797 N.W.2d 577, 583 (Iowa 2011); State v. Hagedorn, 679 N.W.2d 666, 669-70 (Iowa 2004); State v. Nelson, 178 N.W.2d 434, 437 (Iowa 1970) (stating criminal statutes “ ‘are not to be construed so strictly as to defeat the obvious intention of the legislature.’ ” (quoting United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37, 42 (1820))); 3 Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 59:3, at 171 n. 1 (7th ed.2008) (“Although a penal statute must be strictly construed, that does not justify a court in supplying restrictive language that is not there.”). I conclude, however, that these prudential maxims do not de *187 mand the interpretation of section 709.15(3) favored by the majority in this case because it is not obvious the general assembly’s purpose was to enact a status crime in section 709.15(3) punishing a school employee for conduct directed at a person with whom the employee has no exploitable education-based relationship. It is instead obvious — at least to me — that the legislature intended to criminalize in section 709.15 the exploitation of only the enumerated special relationships in which the victims are especially vulnerable to abuse by professionals providing them with mental health services or education services. Sexual conduct not based on, and not exploitive of, those special relationships is criminal only if it is proscribed by other criminal statutes.
As I find the State offered no evidence that Romer had an education-based relationship with the persons he was charged with exploiting, I would resolve in Romer’s favor my doubts about the applicability of section 709.15(3). Accordingly, I would reverse Romer’s convictions under section 709.15(3). I concur, however, in the affir-mance of Romer’s convictions on the other charges.
APPEL, J., joins this concurrence in part and dissent in part.

. A school employee-student relationship extends under the statute for thirty days after a student was enrolled in or attended the school. Iowa Code § 709.15(1)⅛).

. For example, Romer was convicted in this case of five counts of sexual exploitation of a minor under Iowa Code section 728.12(1).