# IN THE COURT OF APPEALS OF IOWA

No. 17-0447
Filed May 2, 2018

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**MARY ELIZABETH HAGLIN,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Linn County, Kevin McKeever, Judge.

          Mary Haglin appeals from her conviction for sexual exploitation by a school employee. **AFFIRMED.**

          Mark C. Smith, State Appellate Defender, for appellant.

          Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

          Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Mary Haglin appeals from her conviction for sexual exploitation by a school employee, in violation of Iowa Code section 709.15(2), (3)(a)(2), and (5)(b) (2016). Haglin maintains the district court erred in finding in favor of the State on Haglin's motion to adjudicate law points on the issue of whether Haglin met the definition of a "school employee" under section 709.15. Finding no error, we affirm.

Haglin, a long-term substitute teacher at Washington High School in Cedar Rapids, was charged by trial information on September 2, 2016, for sexual exploitation by a school employee, in violation of Iowa Code section 709.15(1), (3)(a)(2), (5)(b) after it was discovered she engaged in a sexual relationship with a seventeen-year-old student for a number of months. Both Haglin and the student confirmed they had a sexual relationship.

Haglin filed a motion to adjudicate law points on October 17, 2016, arguing, in part, that she did not fall under the definition of a "school employee" for purposes of section 709.15. A hearing was held on the motion to adjudicate law points on November 10. At a November 16 hearing on additional pre-trial motions, the court orally ruled on the motion to adjudicate law points. The court held, "I have reviewed the submissions by the State and by the defendant; I have looked at the statutes and the case law; and it is my conclusion that Ms. Haglin does fit the definition of a school employee under the code."

Haglin stipulated to a bench trial on the minutes of evidence. At the start of the November 28 bench trial, the court further clarified its ruling on the applicability of the definition of a "school employee" to Haglin:

The second thing I wanted to recap for the record was we had a number of motions, and one of them was a motion to adjudicate law points. I want to make sure that the record accurately reflects that my finding was specifically that—with regard to the law point that involved the definition of school employee as it pertained to Ms. Haglin, that if at the trial the State was successful in providing the things that they alleged in the minutes, it was my determination that they would be able to prove that under Iowa Code section 272.1(7) [(defining "Practitioner")], that Ms. Haglin fit the definition of that subsection and therefore would be determined to be a school employee. Specifically 272.1(7) includes a licensed professional that provides educational assistance to students.

Upon its review of the evidence, the court found Haglin guilty of sexual exploitation by a school employee, an aggravated misdemeanor, in violation of sections 709.15(2), (3)(a)(2), (5)(b). Haglin now appeals, arguing the court erred in finding she—a substitute teacher—was a "school employee" for purposes of section 709.15.

"This court reviews a trial court's ruling on a motion to adjudicate law points for correction of legal error." *State v. Muhlenbruch*, 728 N.W.2d 212, 214 (Iowa 2007). "The appropriateness of the district court's action turns on the correctness of its interpretation of the relevant statutes, which are reviewable for correction of errors at law as well." *Id.*

The applicable code section during these proceedings stated a "school employee" "means a practitioner as defined in section 272.1." Iowa Code § 709.15(1)(f).[1] Section 272.1(7) further provides, "'Practitioner' means an

---

[1] Section 709.15(1)(f) was amended, effective July 1, 2017, to define "school employee" as any of the following (with exceptions not pertinent here):
    (a) A person who holds a license, certificate, or statement of professional recognition issued under chapter 272.
    (b) A person who holds an authorization issued under chapter 272.
    (c) *A person employed by a school district full-time, part-time, or as a substitute.*

administrator, teacher, or other licensed professional, including an individual who holds a statement of professional recognition, who provides educational assistance to students."

Haglin does not dispute that she engaged in a sexual relationship with a seventeen-year-old student. Instead, she argues that as a substitute teacher, she is neither a "teacher" nor an "other licensed professional" under section 272.1.[2]

> When we are asked to interpret the language of a statute, we apply well-settled principles of statutory interpretation:
>> The purpose of statutory interpretation is to determine the legislature's intent. We give words their ordinary and common meaning by considering the context within which they are used, absent a statutory definition or an established meaning in the law. We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent. When we interpret a statute, we assess the statute in

---

(d) A person who performs services as a volunteer for a school district and who has direct supervisory authority over the student with whom the person engages in conduct prohibited under subsection 3, paragraph "a."

(e) A person who provides services under a contract for such services to a school district and who has direct supervisory authority over the student with whom the person engages in conduct prohibited under subsection 3, paragraph "a."

(Emphasis added.)

[2] Haglin argues because House File 6—seeking to expand the applicability for sexual exploitation by a school employee to include all school district employees—expressly sought to include substitute teachers as individuals to which the crime is applicable but was not enacted, it indicates section 709.15 as it is stood at the time of her offense did not consider substitute teachers to be "school employees." However, "[I]t is not the province of this court to speculate about probable legislative intent without regard to the wording of the statute, and any determination must be based upon what the legislature actually said rather than on what it might have said or should have said." *State v. Nicoletto*, 845 N.W.2d 421, 431 (Iowa 2014), *superseded by statute*, Iowa Code § 709.15(f)(1)(b). "As we have traditionally and repeatedly stated, 'We do not inquire what the legislature meant; we ask only what the statute means.'" *Id.* (citation omitted). We cannot discern from the legislature's past efforts to amend section 709.15 and the actual amendment of the statute resulting in its current form, which expressly includes substitute teachers, whether substitute teachers were clearly not included in the previous applicable version of the statute or whether the legislature merely intended to clarify that substitute teachers have always been contemplated by section 709.15. We must look to the actual language and legislative intent of the statute to determine its meaning.

> its entirety, not just isolated words or phrases. We may not extend, enlarge, or otherwise change the meaning of a statute under the guise of construction.

*State v. Howse*, 875 N.W.2d 684, 691 (Iowa 2016) (citation omitted). "We construe a statute 'liberally with a view to promoting its objects and assisting the parties in obtaining justice.'" *Willard v. State*, 893 N.W.2d 52, 61 (Iowa 2017) (citation omitted).

We find Haglin meets the definition of a "school employee" under sections 709.15(1)(f) and 272.1(7). Haglin has a teaching license to instruct students in grades five through twelve. And Haglin taught at the high school as a long-term substitute teacher every day during the duration of her relationship with the student. As such, we find Haglin was a "teacher" under section 272.1.[3]

Haglin maintains she could not be a teacher because she did not have an obligation to diagnose, prescribe, evaluate, or direct student learning; share responsibility for the development of coordinating activities; or evaluate and assess student progress. Even if Haglin could not be considered a "teacher" as she contends, she clearly falls under the definition of an "other licensed professional . . . who provides educational assistance to students." Iowa Code § 272.1(7). Haglin was thus a "practitioner" under section 272.1(7) and a "school employee" under section 709.15 at the time she engaged in a relationship with the minor

---

[3] *See* Iowa Code § 272.1(16), defining a "teacher" as:

a licensed member of a school's instructional staff who diagnoses, prescribes, evaluates, and directs student learning in a manner which is consistent with professional practice and school objectives, shares responsibility for development of an instructional program and any coordinating activities, evaluates or assesses student progress before and after instruction, and who uses the student evaluation or assessment information to promote additional student learning.

student. *See State v. Romer*, 832 N.W.2d 169, 177 (2013) ("'School employee' includes professionals who are not teachers. In drafting the statute, the legislature defined 'school employee' much more broadly than Romer acknowledges. The legislature did not intend to criminalize actions only by teachers, but by the much broader category of 'school employee,' which it defines as 'an administrator, teacher, or other licensed professional, including an individual who holds a statement of professional recognition, who provides educational assistance to students.'" (citation omitted)).

In *Romer*, the supreme court discussed the legislative intent of section 709.15, which was to avoid the exploitation of a power relationship by individuals covered in the statute. 832 N.W.2d at 177. The supreme opined that a substitute-teacher position is one that may give rise to exploitation through a power relationship. *Id.* at 178 ("We believe the legislature intended to protect students from being exploited by the teacher in the next classroom, the former middle school principal the student respected and admired, or *the substitute teacher* the student had in elementary school, for example." (emphasis added)). As a long-term substitute teacher who worked full-time teaching students at the high school every day, Haglin was in the precise position of power subject to potential exploitation as contemplated by section 709.15.

We find the district court did not err in finding Haglin was a "school employee" under section 709.15. We therefore affirm.

**AFFIRMED.**