# IN THE COURT OF APPEALS OF IOWA

No. 20-1585
Filed October 20, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RHONDA S. DAWSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty (motion to adjudicate law points) and David M. Porter (trial), Judges.

        Defendant appeals her conviction of burglary in the third degree, a class "D" felony, after the district court denied her motion to adjudicate law points involving the classification of the charge filed against her.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

The classification of the burglary offense charged against Rhonda Dawson turns on whether the unattached semi-truck trailer used for collecting donations behind a Salvation Army is an unoccupied motor vehicle or motor truck rather than a trailer. To address the issue, prior to the stipulated bench trial, Dawson filed a motion to adjudicate law points. Dawson argued that the charge involved a burglary of an unoccupied motor vehicle or motor truck rather than a trailer—this distinction, under Iowa Code section 713.6A (2020), would change her charge from a class "D" felony to an aggravated misdemeanor. Because the district court found the statutory language defining a "trailer" under Iowa Code section 321.1(85) applied, the court concluded Dawson was properly charged and then convicted of burglary in the third degree.[1] Error was preserved, *see Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002), and we review for correction of errors at law. *State v. Muhlenbruch*, 728 N.W.2d 212, 214 (Iowa 2007).

To answer the question, we rely on the statutory definitions found in chapter 321. Here the terms are clear, and we avoid any interpretation that strains the meaning. *State v. Nall*, 894 N.W.2d 514, 518 (Iowa 2017) ("If the statute is unambiguous, we will apply it as written."). "Vehicle" is defined as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Iowa Code § 321.1(90). A "motor vehicle," as defined in Iowa Code section 321.1(42)(a), is "a vehicle which is self-propelled and not operated

---

[1] Two other charges were initially filed against Dawson—possession of burglar's tools and possession of marijuana—but were dismissed and are not relevant to this appeal.

upon rails." The definition for "motor truck" encapsulates "every motor vehicle designed primarily for carrying livestock, merchandise, freight of any kind, or over nine persons as passengers." *Id.* § 321.1(41). "Trailer," on the other hand, is defined as "every vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." *Id.* § 321.1(85). Finally, a "'[s]emitrailer' means every vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle." *Id.* § 321.1(71). The definition goes on to add, "Wherever the word 'trailer' is used in this chapter, same shall be construed to also include 'semitrailer'. A 'semitrailer' shall be considered in this chapter separately from its power unit." *Id.*

Iowa Code section 713.6A(1) reads, "All burglary which is not burglary in the first degree or burglary in the second degree is burglary in the third degree. Burglary in the third degree is a class 'D' felony, except as provided in subsection 2." Section 713.6A(2) provides, "Burglary in the third degree involving a burglary of an *unoccupied motor vehicle or motor truck* as defined in section 321.1, or a vessel defined in section 462A.2, is an aggravated misdemeanor for a first offense." (Emphasis added.)

Applying the definitions found in chapter 321, the district court addressed the motion to adjudicate law points and determined that the container was a trailer, *not* a motor vehicle or motor truck. Dawson contends on appeal that because the delivery container qualifies as a "vehicle," it should trigger section 713.6A(2) rather than section 713.6A(1). However, under the statute, the status as a vehicle alone

is not enough—713.6A(2) would only be utilized, in the present case, if Dawson had broken into an unoccupied *motor* vehicle. "Vehicle" instead operates as an umbrella term in this statute, under which both trailer and motor vehicle fall. *See id.* § 321.1(71), (85) (utilizing, in both definitions, the term "vehicle" as a starting place). Digging deeper into the statutory terms, the vehicle here was not self-propelled[2] and so cannot qualify as a motor vehicle. *See id.* § 321.1(42)(a).

Dawson also claims the district court was wrong to label the trailer as such because a part of its weight rests upon the towing vehicle. This issue was not raised below, and so the facts of the weight load are not in the record. However, assuming she is correct, the vehicle would be properly defined as a semitrailer. *See id.* § 321.1(71). Even so, this is a distinction without a difference—the statute itself lumps the terms together and absorbs "semitrailer" into its use of "trailer." *See id.* Regardless, it is not a motor vehicle.

Dawson further asserts that it makes little sense to consider burglary of an unattached trailer more serious than that of an attached trailer. However, what she considers nonsensical is precisely what the legislature directs us to do—we are to consider the power unit and semitrailer separately. *See id.* The semitrailer standing alone is not a motor vehicle under Iowa Code section 321.1(42) or a motor truck under Iowa Code section 321.1(41).

Finding no reversible error, we affirm Dawson's conviction for burglary in the third degree, a class "D" felony. *See id.* § 713.6A(1).

**AFFIRMED.**

---

[2] Dawson and the State stipulated to this fact.